### J. H. LYBRAND v. H. FULLER.

Decided October 13, 1900.

**Trespass to Try Title—Pleading in Replication—Estoppel.**

In trespass to try title where defendant pleads specially his title and asks for affirmative relief, plaintiff can not avail himself of matter of avoidance, such as an estoppel, unless he has pleaded it.

APPEAL from Van Zandt. Tried below before Hon. J. G. RUSSELL.

*Kearby & Kearby*, for appellant.

*Wynne, Greer & Smith* and *Kearby & Muse*, for appellee.

ON MOTION FOR REHEARING.

CONNER, CHIEF JUSTICE.—This was a suit, in the usual form of trespass to try title, in which appellant, by special plea, defended upon the ground that the property involved was the homestead of himself and wife, praying for the cancellation of the conveyance under which appellee claimed as a cloud upon his title. The trial in the court below resulted in a judgment for appellee, and the case was submitted in this court upon the conclusions of fact and of law by the trial court, without a statement of facts. On the 9th day of June last we adopted the conclusions of law and fact and affirmed the judgment of the trial court upon the sole ground that appellant was estopped from claiming the benefit of the homestead character of the lots in controversy. Appellee's

title was by virtue of a.sheriff's sale under a judgment and foreclosure of vendor's lien upon certain notes given by one R. N. Lybrand to the appellant for the purchase money of the lots in controversy. These notes had been transferred to appellee, after the maturity of the first note, to secure an indebtedness of $3000. The court found that the transfer from appellant and wife to R. N. Lybrand was colorable merely. At the time of the transfer of the said notes to appellee, appellant represented and assured appellee that the sale to R. N. Lybrand was actual, and that the lots in controversy did not constitute his homestead, appellant not having actual notice that such representations were false, as the conclusions tend to show.

While the question of estoppel was discussed at some length in appellant's brief, our attention was not called to the fact that appellee, in his pleading below, made no reply to appellant's special answer setting up the homestead character of the lots, and the invalidity of the title under which appellee claimed, and this condition of the pleading escaped us on the original examination. This fact existing, however, we think we were in error in affirming the judgment, and that the motion for rehearing must be granted. We think it must be held as settled law that in actions of trespass to try title, where the defendant pleads specially his title and seeks for affirmative relief, and plaintiff has matter in avoidance, the facts constituting an estoppel or matter in avoidance must be plead in order to authorize a recovery by virtue thereof. See Lapowski v. Smith, 1 Texas Civ. App., 391, and the cases of Paul v. Perez, 7 Texas, 344; Rivers v. Foot, 11 Texas, 670; McSween v. Yett, 60 Texas, 183, therein cited.

It is insisted in answer to the motion, however, that the judgment of the court below is predicated upon the fact found that the lots in controversy did not constitute the homestead of appellant and wife at the time of the conveyance to R. N. Lybrand and of the execution of the notes mentioned by R. N. Lybrand. We can not so construe the findings. While the findings are not very specific, we think that they tend most strongly to show that the lots in controversy constituted the homestead of appellant and wife at all times herein involved.

We think it also proper to say that on the original examination we had considerable hesitancy in finding in appellee's favor upon the ground of estoppel. A re-examination of the case has very greatly increased our doubt of there being an estoppel at all under the facts as they appear in the record. However, this question, as well as other questions in the record, need not be now determined.

The judgment below is reversed and cause remanded.

*Reversed and remanded.*