REED v. ROBERTSON et al.

(Court of Civil Appeals of Texas. Amarillo.
June 29, 1912. Rehearing Denied
Oct. 12, 1912.)

1. APPEAL AND ERROR (§ 738*)—ASSIGNMENTS
OF ERROR—INCLUDING VARIOUS ERRORS IN
ONE ASSIGNMENT.

An assignment of error to the exclusion of
evidence consisting of different written instru-
ments, as well as much oral testimony, the
exclusion of which raises various questions of
law, will not be considered.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3033; Dec. Dig. § 738.*]

2. ESTOPPEL (§ 107*)—ISSUES, PROOF, AND
VARIANCE—EVIDENCE—ADMISSIBILITY UN-
DER PLEADING.

In trespass to try title, evidence to prove
an estoppel against a defendant is inadmissible,
in the absence of a plea of estoppel or a plea
in the nature of a plea of estoppel.

[Ed. Note.—For other cases, see Estoppel,
Cent. Dig. § 297; Dec. Dig. § 107.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS
OF ERROR—PROPOSITIONS—NECESSITY.

The Court of Civil Appeals would be jus-
tified in declining to consider an assignment of
error under which no proposition is submitted.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 1047*)—REVIEW—
HARMLESS ERROR.

Where defendant objected to evidence at
the time it was offered and the court withheld
its ruling thereon, plaintiff was not prejudiced
by the action of the court after judgment in
directing defendant to prepare and file a writ-
ten motion for the exclusion of such evidence
and in sustaining such motion, since this gave
plaintiff notice of the grounds upon which the
judgment was based and an opportunity to
make the record show that he was injured by
such exclusion.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4132, 4133, 4146–4152;
Dec. Dig. § 1047.*]

5. APPEAL AND ERROR (§ 662*)—OPERATION
AND EFFECT OF BILL.

The Court of Civil Appeals and the ap-
pellant are bound by the bill of exceptions, pre-
pared and filed by the trial court, in the ab-
sence of a showing such as the law provides.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2850–2852; Dec. Dig. §
662.*]

6. APPEAL AND ERROR (§ 728*)—BURDEN OF
SHOWING ERROR.

An assignment of error to the exclusion
of evidence, some of which was properly ex-
cluded, will be overruled where appellant fails
to point out the particular portion of the evi-
dence which should have been admitted.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3010–3012; Dec. Dig. §
728.*]

7. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS
OF ERROR—PROPOSITIONS AND STATEMENTS.

A proposition in support of an assignment
of error, under which no statement is submit-
ted, is not in a condition to require considera-
tion.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

8. PARTITION (§ 9*)—BY ACT OF PARTIES—
OPERATION AND EFFECT.

If, at the time of a partition among the
heirs of the grantee of land covered by a land
certificate which conflicted in part with an old-
er survey, an heir knew that the portion set
aside to him and accepted in full settlement
of his interest was covered in whole or in part
by such older survey, he was bound · thereby,
even though, as a result of such conflict, he
received no benefit from such portion, but if
the extent of the conflict was not known at
the time of the partition, or when such heir
consented to the floating of the portion of the
certificate not in conflict, he was not bound by
the partition except in so far as he actually re-
ceived benefits thereunder.

[Ed. Note.—For other cases, see Partition,.
Cent. Dig. §§ 26–32; Dec. Dig. § 9.* ]

Appeal from District Court, Lubbock Coun-
ty; W. R. Spencer, Judge.

Action by H. B. Reed against Sterling C.
Robertson and others. From the judgment,
plaintiff appeals. Affirmed.

H. C. Ferguson, of Lubbock, for appellant.
Bean & Klett, of Lubbock, for appellees.

GRAHAM, C. J. The record in this cause
shows that on March 26, 1909, appellant, as
plaintiff, filed this suit in the district court
of Lubbock county, Tex., against the un-
known heirs of James R. Robertson, deceased;
that the petition was in the ordinary form
of an action of trespass to try title with a
plea of the five-year statute of limitations
added, and also a special plea, alleging a
good and valid title in plaintiff as a re-
sult of conveyances under which he holds
and which had been duly recorded for more
than five years, alleging, in effect, that he
was unable to allege that he held convey-
ances from the heirs or all the heirs of
James R. Robertson, deceased, as he had been
unable to ascertain who they were, allega-
tion further being made that the lands in
controversy were originally patented to the
heirs of James R. Robertson and that James
R. Robertson had been dead many years;
alleging, in effect, that the fact that he was,
unable to learn who the heirs of James R.
Robertson were and whether or not he held
conveyances from all of them resulted in a
cloud upon his title and prayer was made
for title and possession of the lands as
against all the heirs of James R. Robertson,
deceased. On August 14, 1909, appellee, de-
fendant below, answered by general demur-
rer, plea of not guilty, a general denial as
to appellant's plea of five years' limitation,
and a cross-action in trespass to try title
for an undivided one-fifth interest in and.
to the land sued for, admitting ownership in
plaintiff as to the other four-fifths interest
and prayer was made accordingly. On De-
cember 18, 1911, appellant, by supplemental
petition, denied the allegations of fact in.
appellee's cross-bill, and pleaded not guilty
thereto. The case was tried below before
the court without a jury, and resulted in a
judgment for plaintiff against defendant and
the unknown heirs of James R. Robertson
for title and possession of an undivided

four-fifths interest in and to the 600 acres of land sued for; also in a judgment for defendant Sterling C. Robertson for an undivided one-fifth interest in and to the 600 acres of land sued for as against the plaintiff and the unknown heirs of James R. Robertson, deceased, from which judgment the plaintiff alone has appealed to this court. The record shows that, after the conclusion of the trial and the judgment of the court below, appellant prepared and presented to the trial court a bill of exceptions covering certain excluded testimony, which bill of exceptions was not approved by the court or otherwise proven up as provided by law, but which appears in this court, copied in the transcript. On a former day of this term, in response to a motion filed by appellee, we struck out of the transcript said bill of exception as having been improperly copied therein, and taxed the costs incident to the same having been brought into the transcript against appellant. The transcript also shows that the trial court after having refused to approve the bill above mentioned, because of inaccurate statements made therein, prepared and caused to be filed a bill of exceptions, covering the matters sought to be covered by appellant in his bill so stricken out, and the bill so prepared by the trial court is regularly in the record for disposition by this court.

Appellant's first assignment of error in his brief is as follows: "The court erred in requesting the defendant's attorney, after the trial was over, and the judgment had been announced, and after the court had had this cause under consideration for three days, to prepare a motion to strike out the material and proper evidence of plaintiff's title, and after said motion had been prepared under the direction of the court, to direct and cause the clerk of the court to place an incorrect file mark on said motion, stating that it had been filed December 18, 1911, when said file mark is untrue and said motion was prepared and delivered to the clerk to be filed on the 23d day of December, 1911."

Two propositions are submitted under this assignment, which we will not discuss separately. It will be noted that the assignment presents the question of whether or not reversible error is shown as a result of the trial court after the trial is over, and judgment announced, directing counsel to prepare and file a motion to exclude evidence, and ordering the motion filed back as for a date prior to the beginning of the trial or to a date during the progress of the trial. The statements submitted under appellant's propositions would indicate that he relies on the bill prepared by himself and which has been stricken out by this court to support his assignment, though we find some statements in the bill prepared by the trial court which we think sufficient to war-

rant us in disposing of this assignment upon its merits. We find statements in the bill of exceptions prepared and filed by the trial court indicating that, after he had announced his judgment in the case, he directed appellees' counsel to prepare a motion, and file the same, to exclude certain evidence which the court had concluded to exclude from his consideration, which was done by appellees' counsel and under the direction of the court. The bill of exception also shows that an order of the court sustaining said motion was prepared and entered of record, and the clerk was directed to file the motion and the order sustaining same as of date prior to that on which the motion was prepared, and the order formally entered. We also find, however, in the bill of exceptions prepared by the trial court statements to the effect that portions of the testimony which were finally excluded were admitted by the court with the statement at the time that he would reserve his ruling thereon, and we also find stated in the bill of exceptions a statement by the court to the effect that at the time the testimony in its entirety was offered (which was finally excluded) appellees' counsel objected to the introduction thereof on the grounds that there was no pleading by appellant warranting the introduction of said testimony, in that said testimony was only admissible under a plea of estoppel or one in the nature thereof, and that appellant had filed no such pleading. The court in the bill shows apparently that he finally excluded the testimony set out in the bill of exceptions on the ground that there was no pleading to warrant its introduction, holding that said testimony was admissible only on an issue of estoppel, and that appellant had filed no such plea. The bill of exception, as prepared by appellant's counsel, covers many different instruments and portions of evidence, to many of which different questions of law would be applicable, and, as copied in the transcript, the same covers fifteen typewritten pages, while the bill of exception prepared by the trial court covers also many different written instruments, as well as much oral testimony, and, as we view the matter, different questions of law would be applicable to many of the different written instruments as well as to much of the oral testimony. The bill prepared by the trial court covers in the transcript 16 typewritten pages.

[1] We are inclined to the opinion that we could consistently decline to consider the bill of exception based upon the exclusion of this testimony, for the reason that different questions of law are applicable to many different portions of the testimony which was excluded, and all of which is embodied in the same bill of exception.

[2] We are also inclined to the opinion that some portions of the testimony which

were excluded were properly excluded, and we are not sure but that the court was right in excluding it in its entirety on the ground that it was admissible as evidence proving estoppel by appellee only, and that appellant had no pleading warranting its introduction. For the reasons given appellant's first assignment will be overruled. Box v. Lawrence, 14 Tex. 545; Lybrand v. Fuller, 24 Tex. Civ. App. 296, 59 S. W. 50, and authorities cited in the last case.

Appellant's second assignment is as follows: "The court erred in sustaining the motion filed after the trial of this cause and the announcement of the judgment and having the order of the court entered in the minutes of the court, stating that it was so sustained on December 19, 1911, said statement being untrue, and said motion having been sustained on December 23, 1911, and after the trial of this cause had ended and the judgment had been announced."

[3] There is no proposition submitted under this assignment, and we therefore could decline to consider same as not having been properly prepared, but we have concluded to dispose of it upon its merits.

[4] What we have said in disposing of the first assignment shows most clearly that appellees' counsel urged prior to the introduction of the evidence that was finally excluded his objections to the introduction thereof on the very grounds that it was finally excluded by the court, and we fail to see the materiality of the question of whether or not a written motion was then prepared and filed and a written order entered sustaining it, and the same being filed as of a date prior to the beginning of the trial, or whether the court had orally announced that he excluded the evidence from his consideration at the conclusion of the trial and rendered judgment accordingly, so far as this record is concerned, for the reasons that the court's action put appellant upon notice of the grounds upon which it based its judgment, and if, as a result of the exclusion of the evidence, appellant was in any way put to a disadvantage, he had it in his power, by the proper motions or otherwise, to make the record show that he had been injured by the action of the court, and his having failed so to do we think renders the error complained of, if any, harmless as to appellant, under the record, as brought before us, and we therefore overrule appellant's second assignment.

Appellant's third assignment is as follows: "The court erred in refusing to give to plaintiff a bill of exceptions, stating the objections of the plaintiff to the proceedings of the court, and instead thereof making a pretended bill of exception, stating the objections to certain evidence wholly immaterial to the matters complained of by plaintiff, and in stating in said pretended bill of exception that the defendant objected during the trial of this cause to the introduction of evidence of plaintiff's title on the ground that it was not admissible under the allegations of plaintiff's petition."

[5] It will be observed that this assignment is merely a challenge of the correctness of the bill of exception as prepared and filed by the trial court, and, as we understand the law, this court is bound by the bill (as is also the appellant), as prepared and filed by the trial court in the absence of a showing such as the law provides, being made, which was not done in this case. Aside from this, the bill apparently complains that the trial court excluded evidence showing plaintiff's title, while, as we view the excluded evidence, it was not offered for the purpose of showing a title in plaintiff in support of his plea of title, but was rather offered as a means of showing that appellee was estopped from asserting title to the lands in controversy because he had received his interest in his grandfather's estate through the lands located in Robertson county. We think a fair construction of the agreement between appellant and appellee, which was introduced in evidence, is that appellee at the time of the trial was entitled to and owned an undivided one-fifth interest in the lands sued for, unless divested of that title by proper allegations in the pleadings of appellant and proof offered thereunder, and we are inclined to the opinion that the trial court correctly held that the proof offered was not admissible under appellant's pleadings. Lybrand v. Fuller, 24 Tex. Civ. App. 296, 59 S. W. 50.

Appellant's fourth assignment of error is as follows: "It was error for the court to strike out and exclude the material and proper proof of plaintiff's title to the land in controversy; it showing that the headright land certificate of J. R. Robertson had been partitioned between the heirs and the portion to which the defendant S. C. Robertson was entitled as an heir had been set over to him and had been received and appropriated by him, and the portion of said certificate which was located on the land in controversy had been by said S. C. Robertson set over and delivered to the other heirs of said Robertson, who are the vendors of plaintiff, on the ground that such proof which was uncontradicted was not admissible under the allegations in plaintiff's petition, which was that he, plaintiff, was the legal and equitable owner of the lands in controversy." Under this assignment appellant submits two propositions; the first being as follows: "In actions involving the title to land it is not necessary for the plaintiff to plead his title especially, but only to allege that he was in possession of the premises or entitled to such possession; that the defendant afterwards unlawfully entered upon and dispossessed him of his premises and

withholds the same from him, unless he relies on limitations to perfect his title, in which case limitations must be specially pleaded." In view of the fact that plaintiff's pleadings we think clearly show that he claims title to the land as a result of conveyances from the unknown heirs of James R. Robertson, and he expressly admits in said pleading that he does not know who the heirs were, or whether or not he has conveyances from all of them, when read in connection with his plea of five-year limitation, it is show that appellant was in reality relying upon the five-year limitation as a right to recover the land, and the record wholly fails to show that the limitation statute was sustained by the proof. Aside from this, as before stated, we are not sure that the trial court was not correct in holding that the evidence offered was not admissible in the absence of a plea of estoppel or one in the nature of a plea of estoppel filed by appellant.

[6] Aside from this, there were some portions of the evidence excluded that unquestionably were properly excluded and as appellant has failed by assignment of error, or proper proposition, to point out the particular portion that was excluded and that was covered by the bill that ought to have been admitted, we think there is no merit in this assignment under this proposition.

[7] Aside from the foregoing, there is no statement whatever submitted under this proposition, and it therefore is not before the court in such condition as to require consideration of the proposition at our hands. For the reasons stated, the first proposition under this assignment will be overruled.

Appellant's second proposition under his fourth assignment is as follows: "The fact that the original certificate of James R. Robertson had been partitioned between the heirs who were entitled to receive same before it was located on the land in controversy, and that the defendant Sterling C. Robertson had received his portion of the certificate, which was located in Robertson county, and that he had partitioned to the other heirs the part of his ancestor's headright certificate that was located on the lands in controversy, was not a matter of estoppel in pais such as was required under the laws of Texas to be especially pleaded by the plaintiff, and the plaintiff having pleaded title in himself in general terms, stating that he owned both the legal and equitable title and was in possession of the lands in controversy, was sufficient to entitle him to introduce proof of the fact and the judgment should have been rendered for plaintiff upon the proof of those facts. The majority of the questions presented under this assignment have heretofore in this opinion been decided by us adversely to appellant's contention. In this connection, however, we desire to call attention to the fact that during the progress of the trial below appellee introduced a map showing the location of the Robertson lands as located in Robertson county, and which map shows that said Robertson lands conflicted with the George Antonio Nixon survey, which was an older survey and to such an extent that it was impossible for the portion of the lands that purport in the partition proceeding to have been set aside to Sterling C. Robertson to have inured to his benefit. The record, if the excluded testimony be considered, tends to show that Sterling C. Robertson in all probability did receive some benefit from the portions of the lands set aside to him in the partition proceeding and which were located in Robertson county, but the map mentioned clearly shows that he could not have received the benefit of the entire portion set aside to him, and, as the agreement in this case we think shows that Sterling C. Robertson was entitled on the trial below to recover an undivided one-fifth interest in the lands unless appellant, by proper proof, not only showed that he was not entitled to recover all of said one-fifth interest, but also showed what portion of said one-fifth interest he was not entitled to recover, and as the proof as a whole, even if the excluded evidence was considered, fails to show how much lands, if any, Sterling C. Robertson received as a result of the partition proceedings in Robertson county, and thereby to show what interest he still had in the lands in controversy, he was entitled to recover the whole one-fifth interest, as the burden was upon plaintiff to show himself entitled to recover, not only a portion of the one-fifth interest, but what portion, before he was entitled to a judgment for any part of it. Ross v. Armstrong, 25 Tex. Supp. 374, 78 Am. Dec. 574; Grigsby v. Peak, 68 Tex. 239, 4 S. W. 474, 2 Am. St. Rep. 487; James v. Adams, 64 Tex. 193.

[8] Appellant's sixth assignment of error is as follows: "The proof showing without contradiction that the land certificate, part of which was located on the land in controversy, was partitioned among the heirs of the grantee before the part was located on the land in controversy was so located, and that the portion to which the defendant S. C. Robertson was entitled as an heir was set over to him, and that he had received and appropriated the same, and that the portion located on the land in controversy was set over and delivered to the other heirs by direction of the defendant, and was partitioned among them and transferred by mesne conveyances to plaintiff, it was error for the court to exclude from his consideration such proof and render judgment in favor of the defendants for an heir's portion of the land in controversy." What we have said in disposing of other assignments of error necessitates that this one be also overruled. In doing so, however, we will remark that the

record in this cause is silent as to whether or not appellee and the other heirs (or legal representatives) of James R. Robertson knew the extent to which the Robertson lands, located in Robertson county, conflicted with the George Antonio Nixon survey. We make this remark for this reason: If appellee knew the extent of the conflict after the partition of the lands was had and his portion set aside to him in full settlement of his interest in his grandfather's estate, he would be bound thereby, even though the conflict resulted in his receiving no benefit whatever from the portion set aside to him; but, if the extent of the conflict was not at the time the partition proceeding was had known, and it was not known at the time appellee appears to have consented to the floating of the portion of the certificate not in conflict, he would not then be bound by the partition, except in so far as he actually received benefits by being able to hold the lands that were set aside to him in the partition proceeding.

Appellant's sixth and last assignment is as follows: "The defendant having alleged title in him in general terms by his cross-bill, and it being conclusively shown by the evidence that he had neither legal, equitable, nor moral right to any part of it, having received his portion of the certificate and set over and delivered to the other heirs all of that portion of the land certificate which was located on the lands in controversy as their portion of the certificate, and they had conveyed by mesne conveyances the same to plaintiff, it was error for the court to render judgment for said S. C. Robertson for a portion of the land in controversy as if he had never received any part of his interest therein."

What we have said in disposing of other assignments necessarily results in our holding that there is not merit in any one of the several issues sought to be raised and presented under this assignment, and the same will therefore be overruled.

Believing that under the entire record the proper judgment was rendered by the trial court, and there being no reversible error pointed out in any of appellant's assignments of error, the judgment of the trial court will in all things be affirmed; and it is so ordered.