## G. F. Box, Adm'r, v. W. H. Lawrence and others.

Where the plaintiff brought an action, in the ordinary form, against a single defendant, to recover certain six hundred and forty acres of land, part of a league, and afterwards amended by alleging the original grant of the league, the division and subdivision thereof by sales and otherwise, making all persons who had any interest in the league parties defendant, and praying that if he failed to establish his title to the particular purpart, he might have judgment for the same number of acres out of the league, to be taken at such place as should be just and equitable ; the Court below sustained exceptions, by the original defendant, to the petition and amendment ; *Held,* there was error.

There is nothing in this case to bring it within the principle of Robinson's Heirs v. Hunt's Heirs. It is not averred, nor does it appear, that the sale of the half league to Little was made by the original grantee, prior to the issuance of his title. If previously contracted for, which does not appear, the evidence is ample, that the right of the purchaser was subsequently recognized and fully conceded, both by the grantee and his legal representatives ; and his title is not affected by any prohibition of alienation contained in previous laws.

A certified copy of a will and of the probate thereof is conclusive evidence, in a collateral proceeding, that the will is what it purports to be, and of the contents thereof ; and it seems to make no difference, although the copy be offered, not to establish a bequest, but as evidence of facts admitted therein.

Where a testator described the land devised, as " my half of the land which John Little was to clear out of the office on the shares," it was held that the will was admissible, as affording by its admissions, evidence of the title of Little, against the heirs, and all others claiming under them.

The effect of admissions contained in a will, as evidence, is independent of any question as to the validity of the bequests attempted thereby.

See this case as to estoppel by deed.

Admissions contained in deeds are admissible in evidence in behalf of the grantees and those claiming under them, against the grantors and those claiming under them, independent of the law of estoppel.

Appeal from Anderson. Suit, January 23rd, 1851, by the appellant, administrator of John R. Little, against William H. Lawrence, to recover six hundred and forty acres of land, a part of the headright league of Solomon Bolin, commencing at the north-west corner of the south half of said league, and running thence south one mile, &c., in the form of a square. The petition was in the ordinary form of trespass to try title ; al-

Box    v.    Lawrence.

leged that the defendant was in possession of the land, and that the plaintiff feared he would make use of his possession to injure said land, &c., wherefore he prayed a sequestration. Petition sworn to ; bond filed ; sequestration issued ; returned executed, leaving the property in the care of J. Lawrence. Plea of not guilty, and general denial.

December 22, 1851, plaintiff filed an amendment to his petition, in which he alleged a grant of the league of land on the —— day of ——, A. D., 1835, to Solomon Bolin ; that afterwards, to-wit : day and year last aforesaid, Bolin sold and delivered one-half of said league, in consideration of the locating, &c., to John Little ; that said Little, afterwards, to-wit : day and year last aforesaid, went into possession of the west half of said league of land, and so continued in the peaceable and uninterrupted possession, he and those claiming under him, for a long space of time, to-wit : from thence hitherto ; that on the 1st of September, 1837, said Little conveyed to John S. Lacy, since deceased, said half of said land, reserving six hundred and forty acres to be taken out of the north-west corner of "said tract of land ;" that January 16, 1842, said John Little conveyed the said reserve to John R. Little, the plaintiff's intestate ; that said Lacy died in 1845, leaving a widow, but no children, and that his other heirs are unknown to plaintiff; that said widow afterwards married Stephen W. Blount, and that they reside in San Augustine county ; that Solomon Bolin died testate in the county of Shelby, where his will was duly proved and recorded, by which the remainder of said league was devised to Lucinda Bolin, who afterwards conveyed to B. H. Martin, who resides in the county of Anderson ; that Martin afterwards conveyed a part of the land to James B. Woodward, who resides in the county of Anderson, also a part to Francis D. Coleman, who resides in the same county. The amendment prayed that all of said persons be made defendants ; charged them with notice of " the conveyance from said Bolin to said John Little," of Bolin's will, and of John Little's conveyance to John R. Little ; and prayed process, and that " all right,

Box v. Lawrence.

" title and interest that they may have to the land described in
" the original petition, be divested out of all and each of the
" aforesaid defendants, and vested in him as the administrator
" of said estate, and that he have judgment for the possession
" of said land and for the rents and profits of the same.   But
" if the foregoing prayer be found to be incompatible with jus-
" tice and equity, he prays for six hundred and forty acres out of
" the north-west corner of said league of land, to be taken in
" a square form, or if this be not proper under the facts of this
" case, he then prays that said six hundred and forty acres be
" set apart to him out of said league of land, as the facts may
" warrant, and for all such other  orders and decrees as to the
" Court may seem just ; and he also  prays as in his original
" petition, &c., &c., that the unknown heirs of John S. Lacy
" be summoned by publication," &c.

Defendant Lawrence excepted to the petition and amendment
thereto, on the ground that the sale from Bolin to Little was
illegal and void ; misjoinder of parties and of actions ; and
because the amendment set up a new and distinct cause of ac-
tion.    Plea of not guilty, and general denial.    Same exceptions
and answer by Martin, Woodward, and Coleman.    The excep-
tions were sustained, as to defendant Lawrence, "and the plain-
" tiff failing to amend his petition, it is therefore considered by
" the Court, that the plaintiff take nothing by his  petition, as
" to  defendant  Lawrence, and  that  the  said  Lawrence  go
" hence," &c.    The exceptions, as to the other defendants, were
overruled.

The plaintiff proved the grant to Bolin, dated January 9th,
1835.    He then read in evidence a transcript from the records
of the County Court of Shelby county, containing the will of
Solomon Bolin, whereby he devised to his wife Lucinda "my
" half of the sitio of land which John Little was to clear out
" the office on the shares, supposed to be laid between the rivers
" Trinidad and Neches."    The will was dated in 1835, and the
probate thereof was dated in 1837.    It was attested by two
witnesses only.    The will also gave to the wife all of the tes-

Box v. Lawrence.

tator's stock of cattle and hogs, and household and kitchen furniture, and to his oldest son, he bequeathed his rifle gun. These were the only bequests in the will. Said transcript also contained a petition of S. W. Blount, filed in 1850, which represented "that some time in the year 1837 or 1838, the executor "of the estate of Solomon Bolin, deceased, by order of the Hon. "Probate Court, made and executed to one John Little a title "to one undivided half" of said league ; that afterwards said Little conveyed to John S. Lacy (less six hundred and forty acres ;) that said Lacy was since dead, and petitioner become the lawful husband of said widow ; prayer for partition. Partition accordingly, by a line running east and west ; north half to Bolin, and south half to representatives of Lacy. It appeared by a short entry in said transcript without date, that Arthur Willis and Lucinda Willis had applied for and obtained letters testamentary on the estate of Soloman Bolin. The said transcript was certified to contain all the proceedings and papers, which the Clerk could find, relating to the estate of said Bolin. The defendants stated several objections to the introduction of the transcript, but the same were overruled.

The plaintiff then read the following agreement, to wit : that Lucinda Willis was the former wife of Solomon Bolin, and that she subsequently intermarried with Arthur Willis, prior to the year 1839 ; also that William Bolin and James Bolin, and Mary Ann Barton, who is the wife of John S. Barton, are the children of Solomon Bolin ; and Lucinda McCall is the surviving widow of Solomon Bolin, and now the wife of Mathew Morgan McCall, and that they intermarried prior to the year 1850.

The plaintiff then read in evidence a deed from Arthur Willis and wife, Lucinda Willis, dated August 27th, 1837, in which the grantors describing themselves as testamentary administrators of Solomon Bolin, and reciting an order of the County Court of Shelby county for that purpose, conveyed to John Little an undivided half of the Bolin league. Said conveyance was recorded in Houston county where the land lay, in 1837. The defendants objected to the admission thereof, on

Box v. Lawrence.

the ground that the order of Court had not been shown; but the objection was overruled. Deed from John Little to Lacy, dated January 16, 1842. Plaintiff proved that John Little settled in the north-west corner of the league in the Spring of 1843 and resided there three or four years, until 1846 or 1847, at which time he ran away from the county; that John R. Little was a child of John Little, and lived with him on the same place, until the latter left the county, when he left and went to live with his brother-in-law, in the neighborhood, but not on the league of land.

The defendants read in evidence a deed from McCall and his wife Lucinda, (Bolin's widow) dated August 23, 1850, to B. H. Martin, for the whole of the Bolin league, also conveyances of their respective interests, from James W. Bolin, Wm. H. Bolin, and John S. Barton and wife, dated in 1852; also deed from Martin to Lawrence for the premises described in the original petition.

The Court refused to instruct the jury, at the plaintiff's request, that if they believed from the evidence, that Arthur Willis and Lucinda Willis conveyed the land in controversy to the vendor of the plaintiff, and recited in said deed, that they were administrators of the estate of Solomon Bolin, and that they conveyed by virtue of an order of the Probate Court of Shelby county, that the said Arthur and Lucinda and those claiming under them are estopped from denying that they were such representatives of the estate of Bolin, and also from denying that the conveyance was made by virtue of an order of the Probate Court of Shelby county.

At the request of the defendants, the Court instructed the jury, that the instrument purporting to be the will of Solomon Bolin, is a nullity, and should be disregarded by them.

There were other instructions, which are not now material. Verdict and judgment for defendants. Motion for new trial overruled.

*T. J. Jennings*, for appellant.   I.   The dismissal of the suit

Box v. Lawrence.

as to defendant Lawrence. Neither authority nor argument is deemed necessary to show that this ruling was erroneous.

II. The appellees' counsel has either misconceived, or endeavored to elude the point of law arising upon the facts in regard to the will of Bolin. The question is not as to whether or not the will was properly attested and otherwise legally made, as an original proposition ; (if it were so, his references would probably be in point and decisive against appellant ;) but we are called upon to consider the will as probated, that is, the effect of its having been duly or regularly probated before a Court of competent authority, when only collaterally assailed. And in this view, the authorities are so abundant, and so uniformly and decisively in favor of appellant, as to leave his counsel no duty but that of selection and citation. (1 Jarman on Wills, 212.)

The notes of the American Editor, (to the passage just cited) abundantly establish this position, that the probate of a will, before the proper tribunal, conclusively establishes its validity, unless the judgment of probate be reversed on appeal or set aside in a direct proceeding authorized by Statute and having that express object in view. Of the very many cases cited by the Editor, and otherwise to be found, we need cite but two or three. And first of these, the case of Ingram v. Ingram, (Dal. R. 519,) is so pointedly in favor of the validating effect of the probate of this will, as to require no comment. And so is the case of Dublin v. Chadbourn, (16 Mass. 433, 442.) But as the counsel of appellees relies much upon the laws of Louisiana on this point, let us see how the Supreme Court of that State regard a judgment or order of probate, before the proper Court, under the very statutory provisions which he cites. In Lewis's Heirs v. Lewis's Executors (5 Louis. R. 393–4,) Judge Porter, (in delivering the Opinion of the Court in a direct suit to annul a probated will, not properly attested or executed, and for that reason declared by the Statute null and void,) says, " While that judgment or order (of probate) stood unreversed, " no other Court could declare the will void, and say it should

Box v. Lawrence.

"not be executed. This suit was therefore properly brought. "No other tribunal could collaterally examine into the cor- "rectness of the proceeding by which the will was probated." (See also Tarver v. Tarver, 9 Pet. 175.)

The appellees have exhausted their strength in the effort to show the invalidity of Bolin's will, and failed to discuss its influence upon the rights here in dispute, if valid.

No form of words could have been adopted more clearly expressive of the recognition, by the party entitled to bind himself, and the defendants who claim under him, of the right of John Little to half of the league of land in question. That this admission of the grantor was the very best evidence of title in his grantee, is clearly shown in the text of 1 Greenl. Ev. Sec. 179, 180, and 189, and by the authorities referred to in the notes thereto. This declaration of Bolin also binds his heirs and privies as a recital of an existing fact. (1 Greenl. Ev. Sec. 23, note 2.)

But whatever may be the effect or construction of this instrument, the District Judge erred in pronouncing it null and void, thus taking from the jury all power to apply the extraneous proof to its consideration, under his charge—such an one as he might have given in regard to its construction. We have had to resort to the other proof in considering its import, and so should the jury have been allowed to do.

But appellees insist that this instrument, as a will, was in derogation of the rights of the testator's forced heirs. This objection is easily answered. 1st. By the conclusive validity of the probate, or its immunity from collateral attack, upon the authorities before cited. 2d. The clause we claim under contains no bequest, but only a recognition of a right based upon contract, which pre-existed in Little.

III. The cases of Hunt's Heirs v. Robinson's Heirs and Spillers v. Clapp, do not apply here, because the acknowledgment of Little's title was made by Bolin, after he had received his title, and was allowed by law to sell it. (Decree No. 272 of Laws of Coah. and Texas, Art. 36, p. 252.) After the pas-

Box v. Lawrence.

sage of this law, it was in the power of Bolin either to repudi-
ate the contract for the "clearing out of the land," made of
course before the grant, or to affirm it and constitute Little
the owner of half his headright league.  He chose to act hon-
estly, and embrace the latter branch of this alternative, and his
heirs and other privies cannot gainsay his decision.

IV.  The plaintiff insists that the widow of Bolin, who, as
testamentary administratrix, with her then husband Willis,
affirmed the sale of Little, by her and his deed, reciting that it
had been made by virtue of an order of the Probate Court, is
estopped thereby to deny the existence of this order, and is
bound by her deed, at least to the extent of its effect on her
own interest in the land.  But the Court sustained this excep-
tion and disregarded the estoppel.  In support of this ruling of
the District Court, the learned counsel of appellees assumes
two grounds.  1. That she was not estopped from denying this
assertion of her deed because it was made by her as a public
agent; and he cites for his authority, the 24th Sec. of Greenl.
Ev., the latter clause of which says, " But this rule (of estoppel
" by deed) does not apply to a grantor acting officially as a
" public agent or trustee."  The author refers to Fairtitle v.
Gilbert, (2 Tex. R. 171,) to sustain this position.  This was a
suit v. The Trustees of a Turnpike Co., by a person to whom
they had mortgaged the toll-gates and toll-houses, when they
only had power to mortgage the tolls ; Held, that, as trustees,
they were not estopped from denying their authority to execute
the mortgage, because if they had been held to be so estopped
they would not have been admitting away their individual
rights, but those of the other creditors of the Company.  Now
this estoppel is not set up against the heirs and creditors whom
the administratrix represented, but as to the personal right of
her who made the admission.  In note (b) to the case of Den
v. Colden (3 Johns. Cas. 178) already referred to, it is stated
to have been generally "held that in this country a party is
" estopped not only from denying his deed, but every fact which
" it recites, and all persons claiming through the party estop-

Box v. Lawrence.

"ped are bound by the estoppel. Therefore where a person "executed a deed in behalf of a manufacturing corporation, and "therein declared that he was empowered by a vote of the cor- "poration, to execute such deed, such person and those claim- "ing under him are estopped to deny that he was thus empow- "ered." (Stow v. Wyse, 7 Conn. 214; McDonald v. King, Coxe, 432.)

Here we have precisely the point under consideration, ruled in favor of appellant. While a public agent, for the behoof of the interests he represents, may not be held as estopped by his by-deed admissions ; yet, so far as he is personally concerned, he and those claiming under him are held to such admissions. The authorities cited on the second point are also referred to here.

Appellees also rely upon a dictum of special Judge W. H. Parsons to the effect that an estoppel is waived by a failure to plead it. (Horton v. Reynolds, 8 Tex. R. 290.) I have but little to say in answer to this saying. It is very certain that the passage in Smith's Leading Cases which is referred to in support of it does not sustain it. It is there held as elsewhere that, an estoppel, when presented as a bar, and under conven- ient and proper circumstances for pleading, should be pleaded ; but when the facts which call for its interposition spring up in the evidence, it must be urged as a matter of evidence.

*R. A. Reeves,* for appellees. I. That the alleged contract of sale from Bolin to John Little, Sr., was void, see Hunt's Heirs v. Robinson's Heirs, 1 Tex. R. 748 ; Robins v. Robins, 3 Id. 496 ; also 1 Id. 691 ; Desmuke v. Griffin, 10 Id. 113.

The amended petition sets up a new cause of action against Lawrence.

If the plaintiff had desired to procced against Lawrence he ought to have taken leave to amend, after the exceptions were sustained, and which the judgment shows he declined doing. (Beal v. Alexander, 6 Tex. R. 531 ; Carter v. Reynolds, Id. 561.)

Box  v.  Lawrence.

II.   The paper purporting to be a copy of the will of Solomon Bolin, deceased, and the proceedings of the County Court of Shelby county in the proof and registration of the will, as well as the entire action of that Court in relation to the succession of Bolin, were null and void, for the reasons stated in defendant's bill of exceptions.  (Hart. Dig. Art. 983 ;  Civil Code of Lonisiana, Art. 1571–2–3–4, 1577, 1641–2–3–4, 1648 ;) All these formalities must be observed or the will is void. (Id. Art. 1588 ;  White's Recop. 98, 111,  295.)   The will disinherits the children.   (See Parker v. Parker, 10 Tex. R. 83.)

In 1850, more than ten years after the grant of letters, the administration not having been continued by any action of the Court, Commissioners were appointed to divide the league between Bolin's estate and the heirs of John S. Lacey.   The proceeding was void.   (See Boyle v. Forbes, 9 Tex. R. 40 ; Flores v. Howth, 5 Tex. R. 329.)

III.   The Court instructed the jury that the deed from A. Willis and his wife Lucinda, (Bolin's widow) as executors of Solomon Bolin, would not bind them individually.

In support of this ruling see 1 Greenl. Ev. 24.   The deed would not affect their individual rights, for want of a new consideration.   The deed expresses a consideration paid to Bolin. (See also Chitty on Contracts, 269, 270.)

Their acts were void.   (See Civil Code of Louisiana, Art. 1672.)   Even if they had been estopped ;  the plaintiff waived the estoppel by failing to plead it.  (Horton v. Reynolds, 8 Tex. R. 290.)


WHEELER, J.   It is not perceived upon what ground the Court proceeded, in dismissing the suit, as to the defendant Lawrence.   There was no necessity to pray process against him, in the amended petition, he being already in Court.   The cause of action was not changed as to him.   The change in the description of the *locus in quo*, did not effect a change in the cause of action ;  and if the prayer for relief was different and

Box v. Lawrence.

broader, in the amended petition, it affected him equally with the other defendants, and clearly it was a proper subject of amendment. The bringing in of other parties, did not, of course, operate a discontinuance, as to the party previously sued.

There is nothing appearing in this case, to bring it within the principle of the case of Robinson's Heirs v. Hunt's Heirs, and the other cases cited by counsel, which affirm the principle of that case. It is not averred, nor does it appear, that the sale of the half league to Little was made by the original grantee, prior to the issuance of his title. (Laws Coa. and Texas, Decree No. 272, of the 26th of March, 1834, Art. 29, 36.) If previously contracted for, which does not appear, the evidence is ample, that the right of the purchaser was subsequently recognized and fully conceded, both by the grantee, and his legal representatives; and his title is not affected by any prohibition of alienation contained in the previous laws. (Burleson v. Burleson, 11 Tex. R. 2.) We think the Court erred in dismissing the case, as to the defendant Lawrence.

There was error, also, in the ruling of the Court, in reference to the effect of the transcript from the Probate Court of Shelby county, containing the copy of the will of Bolin, and its probate in that Court. The will was admitted to probate, by a Court of competent jurisdiction. The probate, though it ascertained nothing more than the original validity of the will, as such, and that the instrument, in fact, was what it purported, on its face, to be, was, until reversed or annulled, in a direct proceeding for the purpose, conclusive of that question. It cannot be drawn in question in a collateral action. This point was determined by the Supreme Court of the Republic in the case of Ingram v. Ingram, (Dallam, 519.) It is upon this principle, that the probate, being the judgment or decree of a Court of competent jurisdiction, directly upon the very point in issue, to which all persons who have any interest are, or may make themselves parties, for the purpose of contesting the validity of the will, it necessarily follows that it is conclusive, until suc-

Box v. Lawrence.

cessfully contested. (Jarman on Wills, 212, 213, 2nd Am. Ed.) The probate, therefore, was evidence, conclusive in this case, that the instrument was what it professed to be, the will of Bolin, the grantee of the land in question. And it was clearly admissible, as affording, by its admission, evidence of the title of Little, the vendor of the plaintiff's intestate; not only as against the party making the admission, but also as against his privies in blood or heirs and all others claiming in his right. (1 Greenl. Ev. Sec. 189, 194.) It is immaterial to the present inquiry, that the will may not have been effectual, in so far as it attempted a disposition of property in contravention of law and the rights of heirs. It is sufficient that it is effectual, in so far as it contains admissions, which it was competent for the party to make, and which were true; or, at least, which have been acted upon by the legal representatives of the testator, and others, as true, and are not shown to be untrue.

There was error also in the ruling of the Court, relative to the effect, as admissions, of the recitals in the deed of the exetors of Bolin, of the 27th of August, 1837. "In regard to re-"citals in deeds, the general rule is, that all parties to a deed "are bound by the recitals therein, which operate as an estop-"pel, working on the interest in the land, if it be a deed of "conveyance, and binding both parties and privies; privies in "blood, privies in estate, and privies in law." (1 Greenl. Ev. 23, and notes, 5th Edit.) Estoppels arise either from matter of record, from the deed of the party, or from matter *in pais*, that is, of fact. An instance of estoppel by deed is, where a bond recites a certain fact. The party, executing the bond, will be precluded from afterwards denying, in any action brought upon it, the fact so recited. (5 Barn. & Ald. 682.) It is true, the rule is, that where a party intends to rely merely on the estoppel, as giving a right of action or a defence, he must plead it. Thus, a party may maintain ejectment upon a title by estoppel. But if he intends to rely on such title, he must plead it. And this gives rise to a kind of pleading which is neither by way of traverse, nor confession and avoidance, viz: a pleading, that, waiving

Box v. Lawrence.

any question of fact, relies merely on the estoppel, and, after stating the previous act, allegation, or denial, of the opposite party, prays judgment if he shall be received, or admitted to aver contrary to what he before did or said. This pleading is called pleading by way of estoppel. (Stephen on Pl. 240.) Of course it has no application in such a state of case as the present. Whether the recitals in the deed in question, might have been relied on in pleading, in a proper case, as a technical estoppel, or not, they were admissions, which, as evidence, were sufficient proof of the facts, as against the parties making them, and privies.

It is unnecessary to enter into a more particular examination of the respective rights of the parties, touching the matters in litigation. It is very clear, from the evidence contained in the record, that the plaintiff's intestate is entitled to six hundred and forty acres of land out of the half league belonging to the elder Little, his father. Whether he will be able to establish his right to any certain parcel, or to an undivided interest, to be apportioned and set apart to him ; and, indeed, whether there has been a legal partition of the respective interests of the other parties in interest, remains to be seen, and can be better ascertained and determined upon another trial, than upon the evidence embodied in this record. The judgment is reversed and the cause remanded.

Reversed and remanded.