Nettie L. McBRIDE et al., Appellants,

v.

C. C. HUTSON, Appellee.

No. 3436.

Court of Civil Appeals of Texas.

Waco.

April 25, 1957.

Rehearing Denied May 30, 1957.

Burford, Ryburn, Hincks & Ford, Shults & Thurman, Dallas, for appellants.

Julius C. Jacobs, Roe, Ralston & Mc-Williams, Corsicana, for appellee.

HALE, Justice.

This is an action in trespass to try title. It involves conflicting claims to mineral rights in a certain tract of land. C. C. Hutson brought the action, as plaintiff, against several defendants, including (1) Nettie L. McBride, a feme sole, and others having a common interest with her and (2) Claude C. Albritton. The case was tried before the court without a jury and resulted in judgment that plaintiff recover

against Nettie L. McBride and those having a common interest with her (hereafter referred to as Mrs. McBride) and that plaintiff take nothing against defendant Albritton. Mrs. McBride and Hutson have perfected appeals from different parts of the judgment adverse to them, respectively.

Mrs. McBride predicates her appeal upon the following point of error: "The trial court erred in failing to construe plaintiff's Exhibit No. 4 as conveying either a perpetual interest in and to one-third of eight-eighths of the minerals, or a perpetual interest in and to one-third of seven-eighths of the minerals." Plaintiff Hutson bases his appeal on two points, as follows: (1) "The trial court erred in failing and refusing to hold that the contract between W. A. Coleman and defendant, Claude C. Albritton, executed in 1928 (plaintiff's Exhibit No. 3, pp. 17, 19 S. of F.) granted a conditional or determinable fee which, upon the happening of the contingency expressed therein, terminated the rights and interest granted thereunder"; and (2) "The trial court erred in holding that the act of defendant, Claude C. Albritton, in giving a release and quitclaim to Coleman, and Coleman's act in recording such instrument, created in Albritton a mineral interest by estoppel which otherwise would have been terminated under the language in a contract creating a determinable fee."

This record shows that W. A. Coleman and wife are the common source of title. Plaintiff Hutson holds title by virtue of a general warranty deed executed by Coleman and wife on April 9, 1936. This general warranty deed contains no reservations, exceptions or conditions other than the retention of a vendor's lien. On May 16, 1928, Coleman and wife executed an instrument in writing, referred to in the evidence as plaintiff's Exhibit No. 3, whereby they agreed "in consideration of the promise and agreement of the said Claude Albritton to pay all of the expenses without any liability against us for any

part thereof necessary and incident to the litigation and other acts and steps taken and to be taken in our behalf by the firm of Cockrell, McBride, O'Donnell and Hamilton for the cancellation of a certain oil lease and removal of all claims existing thereunder on behalf of the Sims Oil Company, or any other person, * * * (they) have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Claude Albritton of Navarro County, Texas, an undivided one-third of seven-eighths (⅓ of ⅞) interest in and to said premises." In said instrument it was provided that "should either party desiring to make sale of his interest in the oil and mineral rights in and to said land, the other party shall join in such proposed conveyance at the price and upon the terms so proposed, or shall, by agreement, partition said interest by horizontal partition of said property, or shall purchase from other party his interest in said mineral rights at the proposed price and upon the proposed terms." It was further "agreed and understood that the above mentioned interest, after cancellation of said lease and recovery of the estate conveyed in said lease, shall remain in the said Claude Albritton until a regular commercial lease thereof is executed to run for a period not to exceed five years, and any reversion under such lease to pass absolutely to the said W. A. Coleman and wife."

At the same time, on to-wit: May 16, 1928, W. A. Coleman and wife executed a power of attorney, coupled with an interest, referred to in the evidence as plaintiff's Exhibit No. 4, whereby they employed the services of L. C. McBride, C. F. O'Donnell and Dexter Hamilton, composing the law firm of Cockrell, McBride, O'Donnell and Hamilton, as their attorneys, to institute and prosecute to final judgment a proper suit for the recovery of all the title, right and interest in and to the oil, gas and other minerals underlying the property therein described, providing in paragraph 4 of the instrument, as follows: "For and in consideration of the services

performed or to be performed by our said above named attorneys, we hereby convey, assign, set over to the said L. C. McBride, C. F. O'Donnell and Dexter Hamilton, who compose the firm of Cockrell, McBride, O'Donnell and Hamilton, jointly, a one-third (⅓) undivided interest in and to all the right, title and interest in and to said mineral estate which *maybe* recovered or acquired by them under this employment and power of attorney, as compensation for all their services rendered or to be rendered by them. Said property being of the following description, to-wit: (metes and bounds description in the instrument is here omitted)."

Paragraph 5 of the power of attorney reads as follows: "It is agreed and understood by and between the parties hereto that in the event said Cockrell, McBride, O'Donnell and Hamilton should recover the title to said mineral estate in said above described land for us by *affecting* a cancellation of the asserted lease to the minerals therein claimed by the Sims Oil Company then at any time thereafter should we or they desire to make sales of our respective interests in and to said mineral rights and interest the party desiring to sell shall either (1) Agree to make conveyance of his or their undivided portion and interest for the same price and on the same terms the other proposes to sell or (2) A partition by agreement shall be made horizontally so that the respective portions of the land *embrassing* the respective ownerships of the oil, gas and mineral rights shall thereby be segregated, set apart and described by metes and bounds or (3) Upon either party's proposition to sell his or their respective interest to said oil, gas and minerals the other shall have the option to purchase the same at the price and upon the terms of such proposed sale. And such lease to be a regular commercial lease for 5 yrs. reversion to be to W. A. Coleman and wife."

On February 23, 1934, defendant Albritton executed and delivered to the Colemans a release and quitclaim, where-

by, in consideration of $10 and "in further consideration of, and for the purpose of correcting a certain conveyance of mineral rights and interest made by the said W. A. Coleman and wife, Ollie Coleman, to me on May 16, 1928, have released, conveyed and quitclaimed, and do hereby release, convey and quitclaim unto the said W. A. Coleman and Mrs. Ollie Coleman all my right, title and interest in and to the hereinafter described tracts of land situated in Navarro County, Texas, except a one-third (⅓) interest in seven-eighths (⅞) interest of the mineral rights in said property, subject to the ⅛ royalty interest, no part of which royalty was ever intended to be conveyed to me, and all interest in which is expressly here conveyed by me and by me disclaimed." The release and quitclaim contained a metes and bounds description of the property and concluded as follows: "To Have and To Hold the same unto the said grantees, their heirs and assigns forever; except as above stated, ⅓ of ⅞ of the mineral rights in and to said lands, is expressly retained by me." This instrument was duly placed of record in the Deed Records of Navarro County by W. A. Coleman.

On February 1, 1919, Coleman and wife executed an oil and gas lease covering the premises in controversy for a primary term of five years. This lease was assigned to Sims Oil Company on June 19, 1919. Oil was discovered on the premises in 1924, but production ceased in 1925 and there was no production from 1925 until in March of 1956. In December of 1928, as a result of the efforts of Messrs. McBride, O'Donnell and Hamilton, final judgment was rendered in the case of Coleman and wife against Sims Oil Company, decreeing the 1919 oil and gas lease and all assignments thereof to be annulled, cancelled and set aside, and the cloud cast upon the title of the Colemans thereby to be removed. On January 8, 1934, Coleman and wife executed an oil and gas lease with a five year primary term, to W. L. Wheelock. On April 9, 1934, Albritton and McBride,

O'Donnell and Hamilton also executed an oil and gas lease for a five year primary term to W. L. Wheelock. The property is now under a valid oil and gas lease owned by O. M. Rector, who is producing oil from the leased premises.

## Opinion

■ As we understand the brief of Mrs. McBride and her associates, it is their contention that the granting clause contained in paragraph 4 of the power of attorney from W. A. Coleman and wife to Messrs. McBride, O'Donnell and Hamilton, under date of May 16, 1928, is clear and certain; that it had the effect of conveying an unqualified fee simple in and to a portion of the minerals underlying the land therein described; and that there is no language in the power of attorney which can properly be construed as a limitation upon the grant so made. They say the last sentence in paragraph 5 of the power of attorney is meaningless and should not be considered as creating an ambiguity or for any other purpose. We cannot agree with these contentions. On the contrary, we think the last sentence in paragraph 5 of the power of attorney, although not free from ambiguity or uncertainty, was inserted in the instrument for the purpose of expressing in part the intention of the parties in the execution thereof. As said by the Supreme Court in the case of Woods v. Sims, 154 Tex. 59, 273 S.W.2d 617, 620, 621, "Generally the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement, and this purpose should not be thwarted except in the plainest case of necessary repugnance. Even where different parts of the instrument appear to be contradictory and inconsistent with each other, the court will, if possible, harmonize the parts and construe the instrument in such way that all parts may stand and will not strike down any portion unless there is an irreconcilable conflict wherein one part of the instrument destroys in effect another part. Associated Oil Co. v. Hart, Tex.

Com.App., 277 S.W. 1043; Benge v. Scharbauer, [152 Tex. 447] 259 S.W.2d 166, and cases cited therein."

In the case of Benge v. Scharbauer, supra, 152 Tex. 447, 259 S.W.2d 166, 167, it appears that the grantor in a deed reserved ⅜ths of the minerals at a time when ¼th of the minerals were outstanding in another, and the deed provided that all leases should specify that ⅜ths of the ⅛th of the production was to be paid to the grantor. In discussing the applicable law, the court there said: "All parts of the instrument must be given effect if possible to do so without violating any legal principles. Even though different parts of the deed may appear to be contradictory and inconsistent with each other—if possible, the court must construe the language of the deed so as to give effect to all provisions thereof and will harmonize all provisions therein, and not strike down any part of the deed, unless there is an irreconcilable conflict wherein one part of the instrument destroys in effect another part thereof. Associated Oil Co. v. Hart, Tex.Com.App., 277 S.W. 1043(3); Watkins v. Slaughter, 144 Tex. 179, 189 S.W.2d 699(3); Fleming v. Ashcroft, 142 Tex. 41, 175 S.W.2d 401, 406; Hester v. Weaver, Tex.Civ.App., 252 S.W. 2d 214(1), writ refused; 14 T.J. 919, et seq., Sec. 140."

■ In the judgment here appealed from, the trial court found in effect that the power of attorney from Coleman and wife to McBride. O'Donnell and Hamilton fixed and granted only a determinable fee interest, and that the ownership of the grantees therein was that of a conditional fee estate. If any effect whatsoever is to be given to the words "And such lease to be a regular commercial lease for 5 yrs. reversion to be to W. A. Coleman and wife," then it appears to us that no other conclusion than that arrived at by the court below could be reasonably drawn in this case. There is a strong probability, we think, that after plaintiff's Exhibits No. 3 and 4, they being the conveyances to

Albritton and McBride, O'Donnell and Hamilton, respectively, had been prepared, it was discovered that the "5 year lease" clause in the Albritton conveyance had been omitted from the conveyance to the attorneys and thereupon the last sentence was added to paragraph 5 of the power of attorney. In order to sustain the contentions of Mrs. McBride and others, it would be necessary to ignore completely that which was of undoubted importance to the Colemans in preserving their mineral ownership and in limiting the estate granted to the happening of a future event or contingency. The construction placed upon the instrument by the trial court does not do violence to the most probable intention of the parties. Such construction gives validity to the grant, places a conditional fee title in the grantees, and still gives recognition and effect to the words by which the Colemans limited the estate granted. Therefore, we overrule the point of error upon which Mrs. McBride and her associates predicate their appeal.

Pertinent to the complaint of plaintiff Hutson to that part of the judgment which denied him any recovery against defendant Albritton, the trial court found and concluded in the judgment as follows: "that on May 17, 1928 said W. A. Coleman and wife, Ollie Coleman, executed to Claude C. Albritton a contract by virtue of which there was granted to the said Claude C. Albritton a one-third (1/3) of seven-eighths (7/8) interest in the minerals under the tracts of land involved in this suit, which interest under the terms of said contract was subject to termination if and when a regular commercial oil and gas lease should be executed, not to exceed a term of five years, after which the reversion under such lease was to pass to W. A. Coleman; that thereafter the said Claude C. Albritton made, executed and delivered and the said W. A. Coleman and wife accepted and filed for record a Release and Quitclaim instrument by virtue of which the interest previously conveyed to Claude C. Albritton was clarified and his interest

was fixed and determined to be one-third interest in seven-eighths of the mineral rights in said property, without any clause as to the termination of such interest by the happening of any condition subsequent; and the court being of the opinion that by accepting and recording the latter instrument, said W. A. Coleman and wife, and their assigns, were estopped from asserting that the interest of Claude C. Albritton was thereafter terminated by virtue of the execution of a five-year oil and gas lease; and the court being of the opinion and finding as a matter of law that the said interest of Claude C. Albritton is valid and outstanding, and that his ownership of 1/3rd of 7/8ths of the minerals should be quieted in him, and that plaintiff should recover nothing as against the said Claude C. Albritton: it is therefore ordered, adjudged and decreed, etc."

In his brief, plaintiff Hutson says estoppel is not in this case because (1) there was no pleading of estoppel, (2) the elements required for the basis of an estoppel were not shown in the case, (3) the Statute of Frauds requires that an instrument must be in writing and signed in order to pass an interest in land and that the Colemans did not sign any instrument purporting to convey the interest now claimed by Albritton, and (4) an interest in land cannot be passed and transferred by estoppel. We cannot agree with these contentions.

█ Rule 789, Texas Rules of Civil Procedure, provides: "Under such plea of 'not guilty' the defendant may give in evidence any lawful defense to the action except the defense of limitations, which shall be specially pleaded." In Mars v. Morris, 48 Tex.Civ.App, 216, 106 S.W. 430, 433, the Court said: "We think the testimony properly was admitted. Under a plea of not guilty, a defendant can defeat a recovery by plaintiff by proving as against him an estoppel." In our opinion, a specific plea of estoppel was not a necessary prerequisite to raise the issue of estoppel in this case because, this being an action in trespass to try title, that issue was

raised by Albritton's defensive plea of not guilty.

■ There is a well recognized distinction between an estoppel by deed or record and by matter in pais. Black's Law Dictionary, Third Ed., under "Estoppel" at page 688, states: "Estoppels are sometimes said to be of three kinds: (1) by deed; (2) by matter of record; (3) by matter in pais. The first two are also called legal estoppels, as distinguished from the latter kind, known as equitable estoppels." For a discussion of the distinction between estoppel by deed or record, and estoppel by matter in pais, see: 17 Tex.Jur., p. 129, Sec. 3 and authorities there cited. There is also a difference between the elements required for the basis of an estoppel by deed from those required for the basis of an estoppel in pais. To avail oneself of an estoppel by deed, it is not necessary to prove that the person availing himself of such defense relied upon the practice of deception or fraud, or that he was misled, or that he changed his position to his prejudice. Since Albritton bases his claim upon an estoppel by deed, he is not bound by the rules relative to an equitable estoppel or an estoppel in pais.

■ In the early case of Box v. Lawrence, 14 Tex. 545, the Supreme Court said: "In this country a party is estopped not only from denying his deed, but from every fact which it recites, and all persons claiming through the party estopped are bound by the estoppel. Such recitals constitute primary proof which cannot be averred against." Almost a century later, in the case of Woldert v. Skelly Oil Co., Tex.Civ.App., 202 S.W.2d 706, 709 (er. ref. n. r. e.), the court said: "The doctrine of estoppel by deed, as contended by appellants, is of such universal recognition that citation of precedents would serve no useful purpose." We think this quotation is applicable here. But if the citation of further authority be deemed proper, we refer to the case of Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 136 A.L.R. 626, by

the Supreme Court of Texas, which, we believe, is conclusive against the third and fourth contentions of the plaintiff Hutson, as above set forth. Although Coleman did not sign the release and quitclaim executed and delivered to him by Albritton on February 23, 1934, by accepting the instrument and placing it of record he became bound by all of its terms and provisions to the same extent as if he had signed the same.

Finding no error in the judgment of the court below, it is in all things affirmed.