Robert E. McBRIDE et ux., Appellants,

v.

ARANSAS COUNTY et al., Appellees.

No. 3327.

Court of Civil Appeals of Texas.

Eastland.

July 19, 1957.

Rehearing Denied Aug. 9, 1957.

Robert Lee Bunting, Jr., David M. Coover, Corpus Christi, for appellants.

Weldon Cabaniss, Rockport, Ralph R. Wood, Corpus Christi, for appellees.

GRISSOM, Chief Justice.

Robert E. McBride and wife sued Aransas County and the members of its Commissioners Court. They sought a permanent injunction prohibiting defendants from trespassing upon "Farm Outlot Number Eighteen (18) of the Townsite of Aransas City, (Fulton), according to the Paul McComb Plat or Map of said townsite—" or constructing streets thereon and for damages. Plaintiffs alleged they were "seized and possessed" of said lot; that defendants had entered and trespassed upon "said private property", torn down fences and graded a street and were about to construct a permanent street thereon; that the "only way such property can be legally acquired is through eminent domain proceedings, and defendant has not offered to or made a deposit to compensate plaintiff for the acquisition of any part of said private" property; that about December 16, 1955, defendants unlawfully entered upon "plaintiffs' said land", removed a fence, graded a street and disturbed plaintiffs in the "use and occupation of said land and prevented plaintiffs from enjoying the use" of same. Defendants filed a plea in abatement in which they alleged that plaintiffs did not own the north one-fourth of said outlot; that it had been dedicated as a public street by the original owner by deed and map, and by subsequent owners, through whom plaintiffs claim; that said dedication had been accepted and the street opened; that others owned the minerals and the surface and had a lease on the adjoining lot; that they purchased relying upon said dedication and should be made parties; that plaintiffs were seeking to cancel said dedication and obtain title freed of said street and, therefore, the owners of said adjoining lot were indispensable parties. Subject to their plea in abatement defendants answered by a general denial and a plea of not guilty. Plaintiffs filed a motion for summary judgment, except as to the amount of damages;

said motion and defendants' plea in abatement were overruled. In a trial on the merits judgment was rendered for defendants and plaintiffs have appealed.

Plaintiffs' points are, in substance, that there was (1) no dedication to the public of the use of a street over the north one-fourth of outlot 18; that there was (2) no acceptance of the purported dedication; that (3) the court erred in not rendering judgment for plaintiffs because the "uncontroverted documentary" evidence showed the county refused the purported dedication; (4) that the only evidence of "dedication, intent and acceptance" was by persons who did not own the land; that the court erred in not rendering judgment for plaintiffs because (5) the only documentary evidence of dedication was by a person who did not own the lot and the instrument was executed years after 1888, when Paul McComb's map was filed; because (6) the judgment was based on the county's alleged possession when plaintiffs filed suit and such possession, if any, had been obtained by force; because (7) plaintiffs and their predecessors had paid taxes on all of outlot 18 since 1915; because (8) the judgment was based upon failure of plaintiffs to show record title; because (9) defendants, having alleged dedication and acceptance, failed to prove same; because (10) the court erred in holding that plaintiffs were estopped to deny dedication, when estoppel was not pleaded by defendants; because (11) the court erred in finding the public would be inconvenienced and (12) because the map and deed showed a dedication which expressly excluded the land in question.

The 1888 map by Paul McComb, recorded in that year, shows a street along the north side of outlot 18, as now contended for by defendants. There was evidence of a dedication to the use of the public and acceptance; however, we think most of appellants' points must be overruled because plaintiffs' suit was for an injunction permanently enjoining defendants from grading a street along the north line of outlot 18 and to compel defendants to condemn

same for public use and pay plaintiffs therefor. It is undisputed that in October, 1955, plaintiffs knew the county was claiming that a public street existed at said place and that it planned to reopen it; that in December, 1955, they did reopen said street and remove plaintiffs' fences. Plaintiffs admitted the street was not owned by them but by the "Fulton heirs or devisees".

■■■■■ Not being the record owners and failing to establish title by limitation, plaintiffs were in no position to compel the granting of a permanent injunction to prevent defendants from continuing to use said land for a street. Without proof of ownership, plaintiffs could not show a "taking" of their property and compel the County to condemn the property for use as a road or street. Plaintiffs did not plead the five year statute of limitation and did not establish title under that statute. Although plaintiffs avoided use of the technical language customary in a trespass to try title suit they alleged plaintiffs were "seized and possessed" of the lot; that defendants "trespassed upon said private property"; that defendants unlawfully "entered upon plaintiffs said land", disturbed plaintiffs in the use and occupation of said land" and "prevented plaintiffs from enjoying the use" of same and that the only way the County could legally acquire said property was through "eminent domain" proceedings and that it had "not offered to or made a deposit to compensate plaintiffs for the acquisition of any part of said private" property. Wherefore, plaintiffs asserted the right to have defendants permanently enjoined from using said land as a public road or street. Plaintiffs assumed the burden of proving ownership and apparently recognized that it was a prerequisite to granting the relief sought. Contrary to plaintiffs' contention, defendants denied that plaintiffs owned the road and were entitled to have their alleged ownership or possession protected by injunction. To compel granting of an injunction plaintiffs were required to negative every possible ground that might permit use of the land as a roadway. The court found that plaintiffs did not own the land. Since there was no "taking" of plaintiffs' property by defendants, an injunction was not required. In contending that the County could lawfully acquire the right to clear and grade the road only by condemnation and that it must make a deposit or pay the plaintiffs therefor they again, in effect, asserted that they owned the land. Unless a person owns or, at least, has a property right in the land taken for public use he cannot require payment nor security in advance. Kahn v. City of Houston, Tex.Com.App., 121 Tex. 293, 48 S.W.2d 595, 599. To do so would require defendants to pay or secure payment for the use of property which plaintiffs do not own. To establish a right to an injunction permanently enjoining Aransas County from using the land as a road or require the County to condemn the land and pay plaintiffs therefor, plaintiffs were required to prove that they owned or, at least, had a property interest in the land, regardless of whether it had been formally dedicated to public use. McCammon & Lang Lumber Co. v. Trinity & B. V. Ry. Co., 104 Tex. 8, 133 S.W. 247, 251, 36 L.R.A.,N.S., 662. Damages, without a taking, is not, of itself, a ground for injunction.

In 24–A Tex.Jur. 57, the general rule with reference to the right to injunction is thus stated:

"The right threatened, and sought to be protected by injunction, must be an existing one, vested in the applicant, and it must be a legally cognizable and justiciable right or interest."

"Injunction will not issue in favor of a person who does not have sufficient title or interest in the property sought to be protected or who would not be the one injured by the act which is threatened." 24–A Tex.Jur. p. 59.

"The right or title sought to be protected must be an existing one; it must be sufficient; and, moreover, it must

be clear and unquestioned. It is the general rule that an injunction will not be granted where there is dispute as to the legal right involved and the right of the petitioner is doubtful." 24–A Tex.Jur. p. 61.

"To entitle a person to an injunction restraining the city from opening a street over land claimed by him he must show that he owns the land in question; mere proof of a naked possession is not sufficient to entitle him to such relief." 39 Tex.Jur. p. 512.

 The opening, or reopening, of the street which plaintiffs sought to prevent by injunction had already been accomplished before the suit was filed.

"Since the element of eminent danger does not exist where the act complained of has been fully accomplished, injunction does not lie in such case; it is the purpose of the writ of injunction to prevent future injury rather than to redress past wrongs." 24–A Tex.Jur. 56, 57.

In further support of our conclusion that the court did not err in refusing to permanently enjoin defendants from further grading and using said land as a public road, because plaintiffs did not own the land over which the road runs, we call attention to Butler v. Borroum, Tex.Civ.App., 218 S.W. 1115, 1118 and Thomas v. Cline, Tex. Civ.App., 135 S.W.2d 1018. Plaintiffs' point that the court erred in holding they were estopped to deny dedication because estoppel was not pleaded by defendants is overruled. Under defendants' plea of not guilty evidence supporting such defense was admissible. Texas Rules of Civil Procedure, rule 789; McBride v. Hutson, Tex. Civ.App., 302 S.W.2d 456, 460. Furthermore, a deed and McComb's map, both in plaintiffs' purported chain of title, showed the roadway in question.

We think the judgment may also be sustained under the finding of dedication. In this injunction suit, the burden was upon plaintiffs to disprove dedication. Defendants did not plead dedication in their answer to the merits, only in their plea in abatement asserting the necessity of making additional parties. It was encumbent upon plaintiffs to disprove any fact issue which would authorize maintenance of the roadway. 24–A Tex.Jur. 274, 275. In their pleadings and evidence plaintiffs referred to the 1888 map of Paul McComb. This map indicates, if it does not show, that at said time there was a forty foot road across the north end of outlot 18. Plaintiffs introduced the deed from Fulton to Aransas Pass Land Company to which this map was attached. We conclude that the evidence was sufficient to sustain a finding of dedication.

All of appellants' points are overruled. The judgment is affirmed.