## MAJOR HART ET AL. v. KITTIE C. MEREDITH.

Decided November 13, 1901.

**1.—Deed—Recitals—Estoppel.**

Recitals in a deed do not constitute an estoppel as to strangers to the instrument, nor as to suits not founded on it, nor will such estoppel arise in other and collateral controversies between the parties to the deed.

**2.—Same—Privies—Judgment Creditors.**

Where judgment creditors sold as the property of M. land which was described in a trust deed as the property of M., grantee therein, they did not thereby become privies under the parties to such deed, so as to entitle them to take advantage of such recital therein.

**3.—Same—Trespass to Try Title—Parol Evidence.**

In an action to recover land which was described in a trust deed as the property of M., bought by one not a party or privy to such deed, plaintiff was entitled to contradict by parol testimony the recital in such deed and to show the true nature of the transactions resulting in its execution.

**4.—Judgment Against Tenants not a Bar.**

Where a party in trespass to try title was dismissed from the suit and judgment rendered against her codefendants therein, such judgment was not binding on her because of the fact that such codefendants were tenants of hers.

5.—Creditors—Right of Debtor to Prefer.

A debtor had the right to prefer a bona fide creditor, and the creditor may receive from his debtor property reasonably sufficient to pay his debt.

6.—Trespass to Try Title—Rents.

Where in trespass to try title there is no evidence as to when defendant took possession, a verdict awarding rent to plaintiff is not authorized, and a remittitur of the amount allowed for rent is required on appeal.

Appeal from Bexar.    Tried below before Hon. S. J. Brooks.

J. A. Buckler and James Raley, for appellants.

Ball & Fuller, for appellee.

FLY, Associate Justice.—Appellee instituted this suit in Kerr County to try title to certain land situated therein, and by agreement the venue was changed to Bexar County, where a trial by jury resulted in a verdict and judgment for appellee.

The evidence showed that J. C. Meredith, the father of appellee, desiring to trade certain property in San Antonio belonging to him for the land in controversy, conveyed the San Antonio property to his mother, Mary K. Meredith, in trust, to be traded for the Kerr County property. The trade was made, the deed for the Kerr County property being taken in the name of Kittie C. Meredith by direction of J. C. Meredith. The property in San Antonio which was traded for the land in Kerr County was not the property of Mrs. Mary K. Meredith.

Appellants claim the land through an execution sale issued out of the District Court of Bexar County by virtue of a judgment in favor of Major Hart and against Mary K. Meredith, for $1728.

The first assignment of error complains of the refusal of the court to instruct the jury that the deed from J. C. Meredith to his mother, Mary K. Meredith, made her the owner of the property for a valuable consideration, and that if she was insolvent when S. W. Smith, the owner of the Kerr County property, conveyed it to Kittie C. Meredith, and unable to pay her debts, the jury should find for appellants. In the deed made by J. C. Meredith to his mother it was recited that certain land in Runnels County, which it seems was traded for the San Antonio property, was the property of Mary K. Meredith, and that the grantor made the deed to his mother to reimburse her for the Runnels County property. Evidence was introduced which satisfactorily, it seems, explained to the jury why J. C. Meredith had made the deed in question, and showed that, in spite of the recitations in the deed, the property belonged to J. C. Meredith. Bills of exception were taken to the admission of such testimony, and it is contended that the recitations in the deed are conclusive against appellee and a verdict should have been instructed as indicated in the special charge above referred to.

As contended by appellants, recitals in deeds bind parties and their privies, on the ground that they are estopped by such recitations in the

course of the transaction in which the deed is given, but it is well settled that such recitations do not constitute an estoppel as to a stranger to the instrument, nor in suits not founded on the instrument containing the recital. Such estoppel will not even arise in other and collateral controversies arising between the parties to the deed. Williams v. Chandler, 25 Texas, 4.

The above rule is founded on the principle that no estoppel can arise unless there be a direct and apparent connection between the wrong and the injury inflicted. Appellants were not parties to the deed given by J. C. Meredith to Mary K. Meredith, and the debt for which Hart sued Mrs. Meredith was not made on the strength of it, and their actions in connection with Mrs. Meredith could not have been influenced by it in any manner. If the property really belonged to J. C. Meredith, how could the position of appellants have been made worse by a deed in trust to Mrs. Meredith? If the deed was not intended to divest J. C. Meredith of the right he had to the land, it is apparent that it was still his property and that prior creditors of Mrs. Meredith could not have been injured by the conveyance to her, no matter what the recitals may have been in the deed. This proposition would seem to be axiomatic. McCoy v. Pease, 17 Texas Civ. App., 303. Appellants, realizing that only parties and their privies are bound by and can take advantage of the recitals in a deed, claim to be privies under the parties to the deed, because they levied on the land and sold it as the property of Mrs. Meredith. Clearly this did not make them privies under the law.

In the case of Sunderlin v. Struthers, 47 Pennsylvania, 411, the purchaser at an execution sale relied on the recital in a mortgage given by the execution debtor as an estoppel, in his favor, but the court said that it was "an unprecedented extension of the doctrine of equitable estoppel to hold that a man is bound to the world to make good what he has said to anyone, if others choose to rely upon it. If every man may be held liable, not only to parties and privies to his deed, but to all mankind, to make good every introductory recital which the deed contains, it behooves him to avoid recitals and be careful what scrivener he employs. Such is not the law." Dev. on Deeds, sec. 996.

The recitals in the deed not being conclusive on appellee in this action, she was properly allowed to show the true nature of the transaction between her father and grandmother by parol testimony. Baylor v. Hopf, 81 Texas, 637; McLean v. Ellis, 79 Texas, 398; Railway v. Jones, 82 Texas, 156.

Had there been an innocent purchaser from Mrs. Meredith his interests could not be jeopardized by such parol proof, but no such question presents itself in this case. Appellants were the purchasers at their own execution sale of land which had never been conveyed to the judgment debtor, but was in the name of a third party, and credited their bid on the judgment.

Appellants sought to introduce evidence to the effect that in a certain

Vol. 27 Civil—18.

cause styled Major Hart v. Parsons et al., Kittie C. Meredith was made a party to the suit and was dismissed from it on the ground that she was brought into the case after a change of venue from Kerr County to Bexar County, that the action in that case was one of trespass to try title to the same land whose title is involved in this suit, and that the other defendants were appellee's tenants, and that there was judgment for appellant Hart in that suit. The evidence was rejected, and very properly so, on the ground that appellee was dismissed from the suit and was not bound by any judgment rendered therein. None of the authorities cited will sustain the position taken by appellants, that appellee was bound by a judgment to which she was not a party, no matter how many of her tenants may have been bound by it. "If one instituting a suit for land desires to bar a landlord's claim and right by the judgment to be rendered, he should make him a defendant, and unless this be done by a plaintiff or the tenant, defendant, a judgment will not bar the landlord's right unless he voluntarily became a party to the suit against his tenant." Stout v. Taul, 71 Texas, 438. The decision cited was merely declaratory of article 5275, Sayles' Statutes, which provides that "any final judgment rendered in any action for the recovery of real estate hereafter commenced shall be conclusive as to the title or right of possession established in such action upon the party of whom it is recovered, and upon all persons claiming from, through, or under such party, by the title arising after the commencement of such action."

The debtor has the right to prefer a bona fide creditor, and the creditor may receive from his debtor property reasonably sufficient to pay his debt. There is no principle that has received the sanction of appellate courts oftener in Texas than this for the last fifty years. It follows that it was not error to instruct the jury as requested by appellee that Mrs. Meredith, if indebted to J. C. Meredith, was authorized to convey to him land "not reasonably worth more than the indebtedness due by her to him."

There being no evidence of the rental value of the property in controversy, nor as to the amount paid by appellants for taxes and repairs, that matter should not have been submitted to the jury. They returned a verdict responsive to the charge, but not being founded on the evidence, it will be stricken out.

The judgment as corrected will be affirmed.

*Corrected and affirmed.*

### ON MOTION FOR REHEARING.

We held in our former opinion that there was no evidence of rental value as contended by appellants, but find from another investigation of the record that there was testimony to the effect that the premises were of the rental value of $15 a month. There is, however, no testimony as to when Hart took possession of the premises, and there is there-

fore no basis for the verdict of the jury as to rent, and the former conclusion of the court was therefore correct. The judgment striking the amount from the judgment will be set aside, and it is the order of the court that unless a remittitur of the amount of the rent be made in five days, the judgment of the District Court will be reversed and the cause remanded, but in case the remittitur is made, it will be affirmed. What was said by this court in reference to Mrs. Meredith being authorized to convey to J. C. Meredith land not exceeding in value her indebtedness to him, in payment of such indebtedness, had no reference to the land in controversy, as contended by appellants in their motion for rehearing, but to the land in San Antonio which was sold by her to him in payment of a debt.

Appellants have filed an application for the finding of fact that on February 1, 1895, when she executed the deed to S. W. Smith to the San Antonio property, Mrs. Mary K. Meredith was insolvent, and we so find.

The motions of appellants and appellees for a rehearing are overruled.

*Overruled.*

Writ of error refused.

James, Chief Justice, did not sit in this case.