McPIKE v. SMITH et al.　(No. 7648.)

(Court of Civil Appeals of Texas.　Galveston.
Jan. 27, 1919.)

1. LIMITATION OF ACTIONS ☞56(1)—ACCRUAL OF RIGHT OF ACTION—COVENANTS.

A right of action by M., an intermediate covenantee, against S., his covenantor, for breach of covenant in a warranty deed, does not accrue so as to set in motion the statute of limitations, until he has paid the amount of a judgment recovered against him by G., a subsequent covenantee, though M. was made a party in a suit to try title by G. against adverse claimants, but was dismissed as a party thereto before judgment was rendered.

2. COVENANTS ☞110—ACCRUAL OF RIGHT OF ACTION.

An intermediate owner of land has no right of action for the breach of the covenants of a warranty deed, until he has been made to respond to the claims of his covenants.

3. LIMITATION OF ACTIONS ☞56(1)—FAILURE TO BRING IN PARTY.

Where M., an intermediate covenantee, was made a party in a suit by G., a subsequent covenantee, to try title against adverse claimants, in which suit M. was afterwards dismissed as a party before judgment, M. was not bound to bring into that action S., his own covenantor, and such failure did not set the statute of limitations running as to an action later brought by M. against S. for breach of covenant in the warranty deed.

Appeal from District Court, Harris County; Henry J. Dannenbaum, Judge.

Action by J. E. McPike against Josie Smith and others. From a judgment for defendants, plaintiff appealed. Reversed and remanded.

Kittrell & Kittrell, of Houston, for appellant.

E. P. & Otis K. Hamblen, of Houston, for appellees.

GRAVES, J. There is here involved but a single question: Was the cause of action sued upon barred by the statute of four years' limitation?

The trial court, in sustaining demurrers interposing that defense, held it was, and the appeal presents that action as error.

The material facts were these: In 1900 Stafford Smith, among other lands in Harris county, Tex., sold a certain 199 acres to McPike, who in turn sold it in August, 1903, to Spevak, and Spevak in September, 1903, sold to Gardiner, all conveying by general covenants of warranty. In 1909 one W. F. Mockel and others set up a claim to the 199 acres, and took possession thereof, whereupon Gardiner sued them in the district court of Harris county for title and possession of the land, making McPike, the appellant here, a party to the suit upon the warranty he had given to Spevak. Although McPike appeared therein by counsel, he was before final judgment dismissed from the suit without prejudice to the rights of Gardiner against him, and by a judgment entered in the cause on December 13, 1911, it was decreed that Gardiner had no title. Both Gardiner and McPike lived in Missouri, and in 1913 the former sued the latter in that state upon the alleged breach of the warranty in his conveyance of the 199 acres to Spevak, which had in the meantime inured to the benefit of Gardiner through Spevak's deed to him, and obtained a judgment against McPike that became final and was paid off by him in 1916. Then in February, 1917, more than four years after the judgment in Gardiner's suit against Mockel et al., McPike brought the suit now at bar against the legal representatives of Stafford Smith for breach of Smith's warranty to him of the title to the 199 acres. Among other pleadings not now material, they answered by means of demurrers that his petition upon its face showed the action to be barred by the statute of four years' limitation, which contention was upheld and

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the suit dismissed. This was upon the view that limitation began to run upon McPike's cause of action against Smith on the date of the Mockel judgment, December 13, 1911. If that be correct, this appeal is not well taken; otherwise it is.

[1] Since the holding was made upon demurrer to the sufficiency of his pleadings, the facts bearing upon the question of limitation must be taken to be as appellant alleged them; that has accordingly been done in the preceding statement. This situation is thereby disclosed: Before Gardiner had lost the land in his suit therefor against Mockel and others, he dismissed appellant here, McPike, out of it, without prejudice to his right to pursue him in some other proceeding upon the same cause of action, which he afterwards successfully did in the Missouri suit, and in· effect told McPike, "I do not want you to remain a party to this suit until final judgment, nor do I expect you to therein defend the title to the land you have warranted." This, we think, as effectively relieved McPike of further concern with that suit, or with its then undetermined result, as if he had never been a party to it at all. By the dismissal he was in effect affirmatively told that no action therein by him was desired, and so, not being a party at the subsequent time of the judgment, he was in no sense bound thereby. McGregor v. Tabor, 26 S. W. 443; Hart v. Meredith, 27 Tex. Civ. App. 271, 65 S. W. 507.

Neither had he by reason of that judgment suffered any actual loss, nor been in any wise damnified. That did not occur until he paid in 1916 the judgment Gardiner had obtained against him in Missouri.

[2] It is well settled .that "an intermediate owner of the land has no right of action upon the covenants under ·which he held until he has been made to respond to the claims of his covenantee." Hollingsworth v. Mexia, 14 Tex. Civ. App. 363, 37 S. W. 455; Alvord v. Waggoner, 88 Tex. 615, 32 S. W. 872; Seibert v. Bergman, 91 Tex. 411, 44 S. W. 63; Penney v. Woody, 147 S. Wl 872; Ballard on Real Property, vol. 21, § 51; Cyc. vol. 11, p. 1133.

[3] We see nothing that would take the case here presented out of the operation of that general principle; but the appellee replies, citing among other cases, Alvord v. Waggoner, supra, as authority for the position, that McPike, while a party to Gardiner's suit against Mockel et al., both could and should have vouched his own warrantor, Stafford Smith, into that action for the purpose of having all their rights settled in the one proceeding, and that his failure to do so set the statute of limitation in motion against him. In this connection he says:

"Judgment could have been rendered in Gardiner's favor against McPike on his warranty, and in McPike's favor against Stafford Smith

with a stay of execution in the latter case until McPike had satisfied the judgment so recovered against him by Gardiner."

It is not doubted that this procedure might have been followed, but the fact remains that it was not, and that upon the initiative of Gardiner himself in voluntarily placing McPike in the same position as if he had never been sued, for such is the legal effect of a dismissal. Morris & Cummings v. State of Texas, 65 Tex. 60; Hart v. Meredith, 27 Tex. Civ. App. 271, 65 S. W. p. 508. Consequently his rights were in no manner affected by a judgment rendered after he had ceased to be a party.

It follows that, in our opinion, the court erred in sustaining the demurrers, and its judgment will be reversed, and the cause remanded for a trial upon the merits.

Reversed and remanded.