WOLDERT et al. v. SKELLY OIL CO. et al.
No. 6255.

Court of Civil Appeals of Texas.
Texarkana.

April 23, 1947.

Rehearing Denied May 22, 1947.

James & Lee, Troy Smith and Terry Graham, all of Tyler, and Paul W. Jeffrey and Erwin G. Thompson, both of Houston, for appellants.

Ramey, Calhoun, Marsh, Brelsford & Shechy, of Tyler, Thompson, Knight, Harris, Wright & Weisberg, of Dallas, Roy Butler, of Tyler, and W. P. Z. German and James Merberry, both of Tulsa, for appellees.

HARVEY, Justice.

Wm. A. Woldert, Jr., and others, filed suit in trespass to try title to 265.3 acres of the Daniel Minor Survey in Smith County, Texas, against Skelly Oil Company, and others, which was tried to the court without a jury. Judgment was rendered that the plaintiffs take nothing by reason of their suit, and they have perfected this appeal.

The record title upon which plaintiffs based their claim to the land sued for began with (1) a Patent from the State of Texas to Daniel Minor, August 27, 1861, issued under Certificate No. 446 for one-third league of land in Smith County; (2) a transfer of this certificate by Minor to A. H. Scott, May 17, 1837; (3) deed from A. H. Scott to Niles F. Smith, October 2, 1837; (4) deed from Niles F. Smith to Niles H. Smith, October 10, 1856, which conveyed several tracts of land and a number of land certificates therein described, but none relating to the Daniel Minor Survey (this deed contained a general clause which transferred to Niles H. Smith all property that might thereafter be discovered to belong to the grantor, and all that might fall to him by will, gift, devise, or descent, in any part of the United States); (5) a power of attorney by Niles H. Smith to W. R. Lenard, January 3, 1874, authorizing him to enter upon and hold all land he found that belonged to N. H. Smith, and empowering him to sell and convey such lands, and in the power of attorney conveyed to Lenard a one-half interest in lands that he should recover from "legal difficulties"; (6) Lenard, for himself and as attorney for Smith, by deed of May 5, 1902, deeded to B. F. McDonough an undivided ⅛ interest in the Minor Survey of 1,476 acres out of the northeast corner of the survey (this deed recited that it was a deed of substitution for one made in 1874); (7) a power of attorney from B. F. and A. T. McDonough, recited to be the only surviving heirs of Benjamin F. McDonough and wife, to J. A. Oliphant, June 7, 1892, empowering him to take possession of 246 acres in the northeast corner of the Minor Survey, and conveying him a one-half interest therein for his services. Subsequently, Oliphant's interest passed to Will A. Woldert, whose heirs at law together with those of B. F. and A. T. McDonough were plaintiffs in this case.

Appellants assign error to the action of the trial court in holding that they failed to establish record title in themselves. Some of the facts upon which that holding was based will be mentioned briefly. Land Certificate No. 446 in the name of Daniel Minor, hereinabove listed, was conveyed by Niles F. Smith on September 24, 1851, to H. W. Carter. The instrument of conveyance was recorded in Panola County but not in Smith County, and recited that the certificate was held in trust for Carter. At this point we digress a bit to observe that the original record of this instrument in Panola County was admitted in evidence on the trial, without objection on the part of plaintiffs, under a stipulation by the parties that either party might read from original records of any county in the State of Texas. Therefore, the admission of a certified copy of the instrument recorded in Panola County over the objection of plaintiffs was harmless, even if it be granted that it was not admissible upon any theory. After the conveyance to Carter, a judgment was entered December 21, 1855, in the district court of Panola County in favor of H. W. Carter against one James

Heffner for the recovery of the Daniel Minor Certificate and Heffner was directed to deliver it to Moore, the attorney for Carter. A notation on the judgment records shows an acknowledgment by Moore of the receipt of this certificate as of January 17, 1856. The Daniel Minor Certificate No. 446 is a basic link in the title of appellants. Under the facts outlined, it is conclusively established as found by the trial court that at the time Niles F. Smith made the deed to his son, Niles H. Smith, on October 10, 1856, he did not own or claim to own such certificate. Nowhere in the record is there anything to indicate that the certificate or any rights under it were acquired by Smith or his assigns. The court correctly held under the facts developed that no presumption of a deed into the Smiths or into any one acting for them should be indulged. No acts of dominion were shown, and no records introduced, other than deed recitations to be hereinafter mentioned, with reference to the land in controversy by appellants from 1875 to 1913, the date when W. A. Woldert filed for record the so-called substitute deed of 1902, which in turn was based on a deed said to have been made in 1874 by Lenard to McDonough. True, Woldert had paid taxes on a tract of 246 acres of the Minor Survey, not identified, for the years 1903 to 1911, and from 1913 to 1916. On the other hand, the appellees and their predecessors in title paid taxes on the land during different periods, and from 1913 to the date of the suit. In various ways, such as fencing the land, pasturing and cultivating some of it, and the recordation of deed, appellees exercised dominion over and asserted claim to it.

■■ Appellants urge that appellees are estopped to deny their title by reason of the decision and judgment in the case of Thompson v. Swann, Tex.Civ.App., 35 S.W. 828. In that case the title to the Minor Survey down to and including Niles H. Smith was involved. The court merely held that the deed from Niles F. to Niles H. Smith, with other evidence in the record, was sufficient to convey all the property owned by the grantor at the time of the execution of the deed, and to show a prima facie title to the land in dispute in the

plaintiffs, subject to rebuttal. The case was reversed and remanded on the insufficiency of the evidence to rebut the prima facie case made out by the plaintiffs. Nothing was decided therein upon which to base an estoppel. Upon re-trial in the district court, judgment was entered for the plaintiffs and no appeal was taken. The court papers having been lost, the record is silent as to what the grounds of recovery were in the second trial. A different part of the Minor Survey was in litigation and some different basis of recovery under amended pleadings, as of limitation, might have been shown. In addition, the trial judge found that the parties in the Thompson v. Swann case were different to those in the instant suit; that the William H. Carter mentioned in the transcript was not the same party as Hamilton W. Carter, to whom the Minor certificate had been conveyed by N. F. Smith in 1851, and was in no way connected with him. It is quite elementary that as a prerequisite for an estoppel by judgment to be created, there must be an identity of parties, subject matter, and issues. There is factual support in the record as set out in the opinion in the Thompson v. Swann case for the trial judge's finding with respect to the lack of identity of the litigants. Had the names been exactly alike, even such similarity in them would establish only a prima facie case of identity. Other circumstances before the court might well raise an issue of fact to be determined by the court or jury and thus rebut the presumption of identity of parties. W. T. Carter & Brother v. Rhoden, Tex.Civ.App., 72 S.W.2d 620. This case is also authority for the proposition that appellees are not estopped to show an outstanding title in order to defeat the claim of appellants.

■■ Appellants present the point also that appellees are estopped to deny appellants' title by reason of certain recitals in deeds which appellants assert are in the chain of title under which the appellees claim. Appellees did not undertake to show record title to the land in suit from the sovereignty of the soil, but they introduced muniments of title beginning with a deed from David Thompson to James Denison, 1878, conveying the northern portion of the

Daniel Minor Survey, which includes the land involved herein; a deed from Smith, Sheriff of Smith County, to Knox, 1896, under an execution sale, conveying all the interest of Denison under the deed to him from Thompson; conveyances from Knox and his successive grantees down to appellees, including Skelly Oil Company, the owner of an oil, gas and mineral lease on part of the land in controversy. They undertook to establish title by adverse possession, and pleaded the various statutes of limitation; the court found, however, that they had not matured title by limitation. In order to evidence the claim of estoppel against appellees, the appellants introduced for limited purposes in the trial court certain recitations in deeds they say are in the chain of title of appellees. The first one, Niles H. Smith, by W. R. Lenard, attorney in fact, to John S. Martin, September 13, 1875, to 1230 acres of the Minor Survey, contains calls for the N.E. and S.E. corners of a 246 acre tract sold to B. F. McDonough. The next one, Niles H. Smith, by W. R. Lenard, attorney in fact, to David Thompson and James Denison, May 8, 1876, to 1230 acres, contains the following recitation: "246 acres of said original tract of 1470 acres sold to B. F. McDonough." June 23, 1876, Martin conveyed to Thompson and Denison the land acquired by him under the Lenard deed, and in the deed of conveyance reference was made to the corners of a 246 acre tract sold to B. F. McDonough. These instruments all were subsequent to the 1874 lost deed, Lenard to McDonough, through which appellants sought to supply the necessary link in their record title.

The doctrine of estoppel by deed, as contended by appellants, is of such universal recognition that citation of precedents would serve no useful purpose. As stated in Box v. Lawrence, 14 Tex. 545, "In this country a party is estopped not only from denying his deed, but every fact which it recites, and all persons claiming through the party estopped are bound by the estoppel." Such recitals constitute primary proof which cannot be averred against. Hardy v. De Leon, 5 Tex. 211, 243. A long line of authorities to the same effect might be cited. Greene v. White, 137 Tex. 361, 153

S.W.2d 575, 136 A.L.R. 626; Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226; Pinchback v. Hockless, 138 Tex. 306, 158 S.W.2d 997; Waco Bridge Co. v. City of Waco, 85 Tex. 320, 20 S.W. 137; Havard v. Smith, Tex.Civ.App., 13 S.W.2d 743. Without undertaking to discuss the several reasons advanced by appellees to show that the cited cases are distinguishable from the instant case and consequently do not rule it, we are of the opinion that appellants, who were not parties to the deeds containing the recitals urged as estoppels against appellees, nor in privity with them, cannot assert an estoppel against appellees by reason thereof. An estoppel cannot be invoked by a stranger to the title. The rule is stated as follows, 19 Am.Jur. 809: "Mutuality being requisite, an estoppel operates neither in favor of, nor against, strangers—this is persons who are neither parties nor privies to the transaction out of which the estoppel arose. * * *"

Furthermore, a stranger to a deed, on the theory of estoppel may not establish his title by recitals in such deed. Hart v. Meredith, 27 Tex.Civ.App. 271, 65 S.W. 507; Fowler v. Texas Exploration Co., Tex.Civ.App., 290 S.W. 818; 31 C.J.S., Estoppel, § 37, p. 213, § 46, p. 226. The following pertinent excerpt is taken from Gilcrease Oil Co. v. Cosby, 5 Cir., 132 F. 2d 790, 793:

"As to this, it is well settled that title to real property cannot be acquired by estoppel, especially where it is alleged to flow from deeds and transactions to which the one pleading it was not a party. * * * Plaintiff must stand or fall upon the strength of its own title. (Authorities cited.)"

Ordinarily, a grantee in a deed is not estopped to deny the title of a grantor, and for his own protection he may acquire conflicting titles and assert them, or not stand on any of them, relying on the rule that plaintiff must recover, if at all, upon the strength of his own title, and not upon any defect appearing in that of the defendant. This being true, how much more reasonable it is that a grantee, or his privies, should not be estopped to deny the title of some third party with whom there is no

privity of title, and no contractual relationship.

Appellees did not introduce the Lenard-Martin deed, the Lenard-Thompson and Denison deed, nor the Martin-Thompson and Denison deed for any purpose. As hereinabove indicated, appellants introduced them for the following limited purposes as shown by their statement when they were offered in evidence: "The limitation we desire to apply to those exhibits and others offered subject to the same thing is that, without admitting that the instruments convey any title, but until otherwise indicated those exhibits which we will now offer will be for the limited purpose of showing instruments under which the defendants claim some other parts of the Minor Survey, and for the purpose of showing that the defendants are estopped by recitals in some of said instruments to deny the plaintiffs' title to the land in question in this case."

They did not rely upon them except for the purposes indicated, and chose to stand on the lost Lenard-McDonough deed of 1874, and the substitution deed of 1902. As we have stated, no title passed under the last deed mentioned and no estoppel arose by reason of it and the 1874 deed. Under the state of the record it is not shown that appellees claimed under the deeds in question, and the trial court's finding that appellants did not prove a common source of title was correctly made. The other three deeds first mentioned above, as ancient instruments, were admissible in evidence; they were evidentiary only, and the trial judge either specifically or presumptively has found against the verity of any of the recitals contained in those deeds.

The other points presented by appellants have been examined with care, and in view of our conclusions reached herein, they are overruled.

This court in its review of this record is appreciative of the aid given it by reason of the briefs filed herein for consideration. These briefs on behalf of the respective parties have been thoroughly and exhaustively prepared, and reflect much ability on the part of the attorneys responsible for them, being indicative of painstaking research and a great amount of work in the collation of the precedents cited.

The judgment of the trial court is affirmed.