Ismael GARCIA, Appellant,

v.

CITY OF LUBBOCK, Appellee.

No. 9356.

Court of Appeals of Texas,
Amarillo.

May 28, 1982.

Rehearing Denied June 16, 1982.

Mark Smith & Associates, Mark Smith,
Lubbock, for appellant.

John C. Ross, Jr., City Atty., J. Worth Fullingim, Asst. City Atty., James P. Brewster, Lubbock, for appellee.

Before REYNOLDS, C. J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Ismael Garcia appeals from an adverse summary judgment rendered in his action to recover workers' compensation benefits from the City of Lubbock. Garcia's action was summarily terminated when the trial court found the City is entitled to judgment as a matter of law because of an absence of genuine issue of any material fact as to the defense of compromise and settlement set forth in the City's amended motion for summary judgment. Concluding from the summary judgment record that the City did not conclusively establish its entitlement to summary judgment on its affirmative defense, we reverse and remand.

Garcia filed a claim with the Industrial Accident Board based on a 16 August 1971 accidental injury sustained to his back in the course of his employment by the City, a self-insured employer. The claim was given I.A.B. No. J–71889N. Thereafter on 12 January 1973, Garcia and the City executed a compromise settlement agreement, subject to the approval of the Board.

The agreement, referenced to I.A.B. No. J–71889N, an accident date of 16 August 1971 and other information respecting the claim, recites, *inter alia* and as paraphrased except for the quotations, that:

Garcia "has not returned to work because of back injury;"

The City has paid or will pay for all accrued and future hospital and medical expenses, if any, resulting from "said injury" until 12 January 1975, the future expenses being restricted to two named doctors and their references, if any;

Garcia and the City "agree to compromise and settle this claim" for the sum of $13,000 to be paid in addition to $3,367 heretofore paid; and

Garcia and the City agree that the extent of the injury is uncertain, indefinite or incapable of being satisfactorily established.

The Board approved the compromise settlement agreement by its 26 January 1973 order.

Subsequently on 3 December 1975, the Board denied Garcia's claim, filed under I.A.B. No. K–90186–N2, for a compensable back injury alleged to have been sustained "on or about June, 1972" in the course of his employment by the City. Garcia then filed the action giving rise to this appeal, seeking to recover workers' compensation benefits for total and permanent incapacity resulting from an accidental injury to his back sustained "on or about June 16 or 17, 1972" while in the course and scope of his employment for the City.

The City answered and, among other things, specially denied that Garcia either timely gave notice of injury to the City or timely filed a claim with the Board, or that good cause existed to excuse his failure to timely file his claim. The City also pleaded that compensation for Garcia's alleged 1972 injuries was compromised and settled by the 12 January 1973 agreement.

Afterwards, Garcia amended and supplemented his original petition to allege that he sustained the accidental injury on or about 10 May 1972 or, alternatively, that repetitious physical traumatic activities disabled him either on or about 10 May 1972 or 16 or 17 June 1972. The City amended its answer to encompass the different dates. Garcia later supplemented his petition to allege that he sustained the accidental injury on or about 27 April 1972 or, alternatively, that repetitious traumatic activities disabled him on or about 27 April 1972.

The City moved with supporting documents and on the record for summary judgment on the affirmative defense of limitations. The issues presented to the trial court as conclusively proved for the City's defense were that Garcia neither (1) gave timely notice of his injury to the City nor (2) timely filed his claim with the Board. Garcia responded to the motion and submitted his affidavit in opposition. Considering the issues presented, the court

overruled the City's motion for summary judgment.

Subsequently and by another motion, later amended, the City again moved for summary judgment. The issue presented to the Court as entitling the City to summary judgment was the defense of compromise and settlement, the City submitting that the subsisting 12 January 1973 compromise settlement agreement estops Garcia from claiming new injuries alleged to have occurred prior to the execution and approved dates of the agreement. Garcia answered, responding that the City is not entitled to summary judgment because the 1973 agreement covered the one specific injury of 16 August 1971 and in no way relates to any subsequent accidents.

Following a hearing, the court found that "there is an absence of genuine issue of any material fact as to matters set forth in said motion," and that summary judgment should be rendered for the City "as plead and prayed for." Conformably, the court rendered a take-nothing summary judgment, from which Garcia brings this appeal.

At the outset, we observe the City's renewed challenge to our jurisdiction over the merits of the appeal. Earlier, we overruled the City's jurisdictional challenge, *Garcia v. City of Lubbock*, Motion No. 13,544 (Tex. Civ.App.—Amarillo, May 13, 1981), which the City has cautiously reasserted.

The trial court, hearing both the City's and the district clerk's contests to Garcia's affidavit to appeal in forma pauperis, ordered that Garcia is entitled to prosecute his appeal "in this cause" without paying the cost or giving security therefor. Upon Garcia's tender of the appellate record, the City moved to dismiss the appeal for want of jurisdiction because none of Garcia's affidavits to appeal in forma pauperis mentioned the judgment from which the appeal is taken.

■ We determined that: the applicable Rule of Civil Procedure, Rule 355, contains no express requirement that an affidavit to appeal in forma pauperis either describe or make reference to the judgment; we, like the trial court and the litigants themselves, are certain of the identity of the judgment; and that, under the circumstances of this cause, Garcia's affidavit, although not properly drafted, does not deprive this Court of jurisdiction over the merits of the appeal. *Id.* We adhere to those determinations and again overrule the City's challenge to our jurisdiction.

By three points of error, Garcia contends the court erred in rendering the take-nothing summary judgment. Precisely, Garcia complains that the City did not establish its entitlement to the judgment as a matter of law in that there are unresolved fact issues whether he sustained a compensable injury on or about 16 June 1972 and whether it was compromised and settled by the 12 January 1973 agreement. Although the City's statement under its reply points speaks largely to the matters embraced in its first overruled motion for summary judgment, its support for the judgment rendered is predicated on the conclusiveness of the subsisting compromise and settlement agreement, particularly by its factual recitations.

■ Garcia pleaded a 1972 compensable back injury sustained after the date of his 16 August 1971 back injury and before the dates of execution and approval of the 1973 agreement. His pleadings outlined the issues of a 1972 injury, which call for factual determinations. *Reina v. General Acc. Fire & Life Assur.*, 611 S.W.2d 415, 416–17 (Tex. 1981). To meet Garcia's cause of action pleaded and merit the summary judgment rendered on its motion, the City had to conclusively establish the defense—*i.e.*, Garcia's claim for his alleged 1972 injury was compromised and settled by the 1973 agreement, which operates as an estoppel—it presented to the trial court by its motion for summary judgment. Tex.R.Civ.Pro. 166–A; *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).

Its defense was established as a matter of law, the City contends, because Garcia is estopped by the unambiguous, subsisting 1973 agreement to assert his present claim

for a 1972 back injury. The estoppel by agreement arises, according to the City's citation of *Woldert v. Skelly Oil Co.*, 202 S.W.2d 706 (Tex.Civ.App.—Texarkana 1947, writ ref'd n. r. e.), by "an identity of parties, subject matter, and issues," thereby estopping Garcia from denying both the agreement and every fact which it recites. *Id.* at 708–09. In our view, the summary judgment proof does not conclusively evidence an identity of either subject matter or issues.

The 1973 agreement specifically addresses the compromise and settlement of "this claim," which is identified only as the claim resulting from the 16 August 1971 accident assigned I.A.B. No. J–71889N. The agreement does not express the intent, argued for by the City, to settle all claims for back injuries to the date of its execution; indeed, the agreement's language includes no more than "said injury" and "the injury," the single reference to which is the 16 August 1971 accident.

Moreover, the City has not directed us to any other part of the record establishing such intent, which is denied by Garcia's sworn response to the City's summary judgment motion. Given the language of the 1973 agreement and the opposing theories of the contracting parties, an intent to settle all claims for back injuries to the date of the agreement was not established by the City as a matter of law, it being merely a question of fact. *Neece v. A. A. A. Realty Co.*, 159 Tex. 403, 322 S.W.2d 597, 602–03 (1959); *Esteve Cotton Co. v. Hancock*, 539 S.W.2d 145, 155–57 (Tex.Civ.App.—Amarillo 1976, writ ref'd n. r. e.).

■ Neither did the City conclusively establish its contention that the 1973 agreement's statement that Garcia has not returned to work because of back injury estops him from claiming another and separate back injury prior to the date of the agreement. The 1971 back injury, so the City urges, is the subject of Garcia's present "claims for injuries which are a mere continuation of the initial injury."

First, Garcia's trial pleadings allege a separate 1972 compensable accidental injury, raising issues which the City, to prevail, was required to meet and overcome by summary judgment proof. *Torres v. Western Casualty and Surety Company*, 457 S.W.2d 50, 52 (Tex.1970). The City has not designated any place in the record, nor have we found one, which establishes that Garcia's present claim for a 1972 injury was compensated as "a mere continuation of the initial [16 August 1971] injury." The City does refer to Garcia's confusion of dates for his alleged 1972 injury, but the confusion is no more than a predicate, as the City states in its brief, to reasonably contend that all matters were compromised and settled by the 1973 agreement.

Second, under the summary judgment record before the trial court, the agreement's statement that Garcia has not returned to work because of back injury is not dispositive of his present action for a 1972 injury. Within the evidential matters presented by the City for summary judgment is an employee's affidavit indicating Garcia was working for the City on 27 April 1972, and payroll records indicating he was on injury leave afterwards from 9 June to 1 July 1972. Garcia's pleadings, first filed on 12 December 1975, allege an accidental back injury in 1972, albeit different dates have been stated for the injury, because of which, Garcia pleads, he "is still unable to work," a position not inconsistent with the agreement's statement.

■ It may be that following a conventional trial on the merits, the City will prevail on its contention, but at the moment it rests solely on the City's interpretative application of a rule of law not conclusively established by the summary judgment record. It also is a rule of law that under the applicable statutes in force at the time of Garcia's alleged injuries, a claimant was not estopped to recover upon the basis of more than one back injury claim for total and permanent incapacity. *Lee v. Texas General Indemnity Company*, 584 S.W.2d 700, 701 (Tex.1979).

Therefore, in reviewing the summary judgment record, as we must, in the light

most favorable to the party against whom the summary judgment was rendered, *Valley Stockyards Company v. Kinsel*, 369 S.W.2d 19, 20 (Tex.1963), we cannot agree that the City has met and summarily disproved Garcia's pleaded cause of action as a matter of law. Consequently, the City's motion for summary judgment must fail, and it should have been denied. *Torres v. Western Casualty and Surety Company, supra.* This record merely reveals a situation where unresolved factual issues preclude summary judgment on the issues presented to the trial court. *In re Price's Estate*, 375 S.W.2d 900, 904 (Tex.1964). Accordingly, Garcia's points of error are sustained.

Secondary to our sustention of the points, we need to address the City's two cross-points alternatively presented, the City asserts, in order to preserve its rights and position on appeal. By the cross-points, the City invites us to reverse the trial court's order overruling its first motion for summary judgment, an event previously noted, and to render summary judgment on that motion. We must decline the invitation.

When the court overruled the City's first summary judgment motion, it inferentially found one or more material disputed issues of fact which prevented the summary judgment then sought. *Turner v. County of Marion*, 549 S.W.2d 254, 255 (Tex. Civ.App.—Texarkana 1977, writ dism'd). The court's order overruling the motion was an interlocutory one from which an appeal is not permitted. *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980). The fact that the court thereafter granted the City's subsequent motion founded on a different theory and rendered an appealable summary judgment, which we reverse in this appeal, does not license the appellate court to review the prior interlocutory order. *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex.1966). Review of the overruling of a summary judgment motion is authorized only when motions for summary judgment have been filed by all of the real parties at interest, an appeal is prosecuted from a summary judgment granting one of them and, on appeal, reversible error is found in

the judgment rendered. *Id.* at 364–65. The City's cross-points are overruled.

The summary judgment is reversed and the cause is remanded.