Arthur MARTINEZ, et al., Appellants,

v.

SCIENCE SPECTRUM, INC., Appellee.

No. 07–95–0313–CV.

Court of Appeals of Texas,
Amarillo.

March 20, 1996.

Dissenting Opinion on Overruling
of Rehearing April 17, 1996.

---

Nunley & Jolley, L.L.P., J. Ken Nunley, Joe M. Davis, Boerne, Harding Bass Fargason & Booth, Ray Fargason, Lubbock, for appellants.

Jones Flygare Galey Brown & Wharton, John A. Flygare, Lubbock, for appellee.

Before CHARLES L. REYNOLDS, C.J., and DODSON and BOYD, JJ.

CHARLES L. REYNOLDS, Chief Justice.

Suffering a take-nothing summary judgment in their action to recover damages from Science Spectrum, Inc. for injuries Arthur Martinez sustained, Arthur Martinez, Alice Martinez, and Alice Martinez as next friend of Marty Martinez and Morrissa Martinez,[1] question whether material facts exist to vitiate the judgment. Concluding that Science Spectrum, Inc. did not establish its right to summary judgment, we will reverse and remand.

Arthur was injured while working on the premises of the 50th Street Caboose located at 5025 50th Street in Lubbock. The premises were part of a large building owned by the Estate of H.R. Gibson, Sr., but leased to and formerly occupied by Furr's Inc. as one large store. At some time not fixed in the record, Furr's began to partition the area and sublease to smaller businesses, including Science Spectrum. As part of its sublease agreement, Science Spectrum was required to construct a dividing wall to enclose its leased space.

Smith & Fitzpatrick, Inc. d/b/a Copper Caboose subleased the area adjoining the Science Spectrum space to construct the 50th Street Caboose. Jackie Brooks and Ricky Willis, both d/b/a Caprock Electric, were hired, to the exclusion of everyone else, to perform the electrical wiring for the renovations to the premises. Nevertheless, while Arthur was working in the employ of Smith & Fitzpatrick, their foreman and Arthur's brother, Manuel Martinez, instructed Arthur, and he undertook, to remove conduit and electrical wires from the premises to facilitate the rewiring. After he had completed approximately one-fourth of the removal, Arthur cut into a hot wire and was injured by a substantial electrical shock.[2]

It was later determined that although the electrical power to the premises had been turned off, the hot wire was the power source for an air conditioning compressor servicing the Science Spectrum space. The wire providing electricity to the compressor, which was mounted on the roof of the building, was routed through the wall dividing the Science Spectrum space from the premises, and was serviced by a separate electrical power source which had not been turned off.

The Martinez family brought suit against a multitude of defendants, including Science Spectrum, Inc. They alleged that Science Spectrum was negligent, which proximately caused their damages, in that "Science Spectrum, its agents, employees and representatives ... were responsible for creating the dangerous condition in the Smith & Fitzpatrick lease spaces (50th Street Caboose) by constructing a partition wall over said wiring in such a way as to create an unknown and disguised danger" to Arthur. The Martinez family also asserted a general allegation of res ipsa loquitur as to all defendants. Arthur sought compensation for his bodily injuries; Alice, Marty and Morrissa sought damages for loss of society and companionship and parental consortium.

Answering that it had no control over, nor any duty to control, the premises or the renovation work to the premises, Science Spectrum moved for summary judgment. In

---

1. Morrissa Martinez, who was added as a plaintiff by the fourth amended original petition filed after Science Spectrum, Inc. moved for summary judgment, was not designated as an appealing party in the perfection of the appeal. References to the Martinez family are to appellants Arthur Martinez, Alice Martinez, and Alice Martinez as next friend of Marty Martinez.

2. The voltage of the hot wire was not established with certainty and Arthur was unsure of the exact voltage, but he described the shock as, "I got the shit knocked out of me," and further testified that all his nerve endings were burned as a result of the shock.

support of its motion, Science Spectrum offered Arthur's deposition testimony that the place where he was working when he was injured was "occupied solely by" the 50th Street Caboose, and was "not occupied by Science Spectrum." Additionally, Science Spectrum offered the deposition testimony of Jack McQueen, leasing agent for the premises and the Science Spectrum space, that Science Spectrum had no control of, nor any right to control, the premises.

Responding to the motion, the Martinez family replied that, as they had pleaded, the dividing wall separating the premises from the Science Spectrum space was constructed at the direction of Science Spectrum, and the dividing wall "bisected the electrical line separating its power source from its terminus," creating a condition which "in connection with the negligent acts of the other co-defendants herein was a proximate cause" of Arthur's injuries. The Martinez family attached supporting documentation of Science Spectrum's responsibility for the construction of the dividing wall.

Reacting to the Martinez family's reply, Science Spectrum contended that it had no control over the wiring and did not reroute the wire to the air conditioner compressor when the dividing wall was constructed. In support of its contention, Science Spectrum provided the affidavit of Joe McKay, the architect hired to design and oversee the construction of the dividing wall, who averred that one of the air conditioning compressors serving the Science Spectrum space was located on the roof of the premises, and there was a feeder line from the air conditioner to a box in the Science Spectrum space, but the feeder line "was not installed, re-routed, altered, modified, or changed by the SCIENCE SPECTRUM, INC., or any contractor or sub-contractor of the SCIENCE SPECTRUM, INC." [3]

The trial court rendered summary judgment on the motion of Science Spectrum without stating the reason therefor, and ordered that the Martinez family take nothing.[4] Upon Science Spectrum's motion, the Martinez family's claims against it were severed, and the judgment became final and appealable. *H.B. Zachry Co. v. Thibodeaux,* 364 S.W.2d 192, 193 (Tex.1963).

To merit summary judgment, Science Spectrum had the burden to meet, and defeat, the Martinez family's causes of action as pleaded, *Torres v. Western Casualty and Surety Company,* 457 S.W.2d 50, 52 (Tex. 1970); *Ranchers & Farm. Liv. Auc. Co. v. First St. Bank,* 531 S.W.2d 167, 171 (Tex.Civ. App.—Amarillo 1975, writ ref'd n.r.e.), by establishing as a matter of law that there was no genuine issue of material fact as to one or more of the necessary elements of the Martinez family's causes of action. *Sysco Food Services, Inc. v. Trapnell,* 890 S.W.2d 796, 800 (Tex.1994). In determining whether Science Spectrum met its burden of proof, every reasonable inference must be indulged in favor of the Martinez family and any doubts resolved in their favor. *Id.*

As earlier noticed, the Martinez family alleged a cause of action for Science Spectrum's negligence in creating a dangerous condition when it erected a dividing wall which bisected the wire conducting electrical power for the air conditioning compressor located on the roof of the building, and a res ipsa loquitur cause of action. By its summary judgment proof, Science Spectrum agreed that it was responsible for the construction of the dividing wall, but it grounded its motion for summary judgment on a lack of control over the wiring or the renovations on the premises. The proof, viewed as it must be in the light most favorable to the Martinez family, was addressed to the Martinez family's res ipsa loquitur cause of action; it was not addressed to, and it did not have the effect of meeting and defeating, the Martinez family's cause of action for Science Spectrum's alleged negligence in creating a

---

**3.** The record reveals that the wiring from the air conditioner compressor located on the roof above the premises has been re-routed by Science Spectrum since the accident.

**4.** Although Morrissa Martinez's name does not appear in the judgment, the judgment purports to dispose of all plaintiffs and their requests for relief, and thus is a final judgment for purposes of this appeal. *Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993).

dangerous condition when it erected the dividing wall.

As earlier noticed, Science Spectrum moved for summary judgment on the ground that since the evidence established it had no control over the premises where Arthur's injury occurred, it owed no duty to the Martinez family and, thus, had no liability. However, that is not what the Martinez family alleged. Rather, they alleged that Science Spectrum constructed the dividing wall in its leased space in such a way as to create in the adjacent premises an unknown and disguised danger, and a proximate cause of Arthur's injury, thereby invoking the principle that by creating a condition in the area adjacent to the leased space it controlled, Science Spectrum became responsible. *Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 324 (Tex. 1993). Whether the construction created a danger in the adjacent premises proximately causing Arthur's injury was not negated by Science Spectrum's proof and remains an unresolved material fact issue.

Consequently, Science Spectrum did not discharge its burden, and its motion for summary judgment should have been overruled. *Garcia v. City of Lubbock*, 634 S.W.2d 776, 780 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.). The Martinez family's point of error is sustained.

The summary judgment is reversed, and the cause is remanded to the trial court.

DODSON, J., dissenting.

DODSON, Justice, dissenting.

I respectfully dissent. Under the circumstances presented, I am persuaded that the summary judgment evidence negates the presence of any legal duty owed by Science Spectrum to Arthur Martinez.

In general, an occupier of land 1) owes a duty to use ordinary care to keep the premises in a reasonably safe condition, 2) is responsible for areas adjacent to the demised premises which it actually controls, *Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 324 (Tex.1993); and 3) will be liable for dangerous conditions existing on the leased premises. *See Garza–Vale v. Kwiecien*, 796 S.W.2d 500, 502 (Tex.App.—San Antonio 1990, writ denied).

The undisputed evidence shows: (1) that at the time of his injury, Arthur Martinez was employed by the 50th Street Caboose; (2) that he was injured in the course and scope of his employment; (3) that his work was under the exclusive control and direction of his employer; (4) that the premises where Martinez was injured were the leased premises of 50th Street Caboose; (5) that Martinez was injured when he cut a hot electrical wire while working on the leased premises; (6) that these leased premises were under the exclusive control of 50th Street Caboose; (7) that Science Spectrum leased adjacent premises from the same landlord; (8) that several months before Martinez was injured, Science Spectrum built a partition as directed by the landlord; (9) that the feeder line (which Martinez cut in half) located on the 50th Street Caboose premises was not installed, re-routed, altered, modified, or changed by Science Spectrum, Inc., or any contractor or subcontractor of Science Spectrum, Inc.; and (10) that Science Spectrum had no condition, dangerous or otherwise, on its leased premises which caused Martinez's injuries.

This evidence does not show that Science Spectrum failed to keep its premises in a reasonably safe condition. Nor does it show that Science Spectrum had any actual control over the 50th Street Caboose's premises, or that a dangerous condition existed upon Science Spectrum's premises which injured Martinez.

I would overrule the appellant's point of error and affirm the trial court's judgment.

DODSON, Justice, dissenting.

The majority has overruled Science Spectrum's motion for rehearing. I respectfully dissent. I would grant the motion for rehearing and affirm the trial court's judgment.

It is undisputed that Arthur Martinez was injured on premises adjacent to Science Spectrum's premises; that Martinez's employer had exclusive control over those premises; and that Science Spectrum had absolutely no control over the premises or

Martinez's work. Furthermore, even though Science Spectrum had a partition wall constructed between its leased premises and the adjacent premises (*i.e.*, where Martinez was injured) several months before the injury occurred, and as required by the landlord, the evidence fails to show that Martinez was injured on, at or as a result of construction of the partition. And in this regard, any trial pleadings to the contrary by Martinez are not summary judgment evidence. Moreover, the evidence fails to show that Science Spectrum should have or could have foreseen that anyone (such as Martinez) would cut a hot feeder line on the adjacent lease's premises.

I am persuaded that the summary judgment evidence conclusively establishes the absence of a legal duty owed by Science Spectrum to Martinez. I would grant the motion for rehearing and affirm the trial court's judgment.