Jose MACIAS, Appellant,

v.

**TEXAS PROPERTY & CASUALTY IN-SURANCE GUARANTY ASSOCIATION, Statutory Successor of Employers Casualty Co., Appellee.**

No. 04–93–00805–CV.

Court of Appeals of Texas,
San Antonio.

June 17, 1998.

Frank Herrera, Jr., Jose Felix Gonzalez, Law Offices of Frank Herrera. Inc., San Antonio, for appellant.

Jan Ferguson, The Texas Property & Cas. Ins. Guar., Austin; Kelley G. Loud, Ross, Banks, May, Cron & Cavin, Houston, Elena Cabao, Mullen, MacInnes and Redding, Ltd., Austin, for appellant.

Before HARDBERGER, C.J., and RICKHOFF and DUNCAN, JJ.

## OPINION

RICKHOFF, Justice.

Jose Macias suffered a work-related injury on March 3, 1990. On October 3, 1990, while participating in a work-hardening program at his employer's direction, Macias suffered another injury. On May 14, 1991 Macias

signed a Compromise Settlement Agreement ("CSA"); on August 16, 1991 he filed a claim for the October injury. After the Texas Workers' Compensation Commission denied his claim for the October injury, Macias filed suit. Employers Casualty Co. ("Employers")[1] sought summary judgment, claiming both that the May agreement settled both the March and October injuries, and that the October injury related back to the March injury and therefore Macias could not maintain a separate action for the October injury. A general summary judgment was granted.

In three points of error Macias argues that he was not estopped from filing a separate claim for the October 3 injury; that the CSA did not include the October injury; and that the summary judgment affidavit relied on by Employers was inadequate.

## STANDARD OF REVIEW

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmoving; every reasonable inference from the evidence will be indulged in favor of the nonmoving, and any doubts will be resolved in his favor. *Nixon,* 690 S.W.2d at 549. If the order is general, without specifying the grounds on which the trial court granted summary judgment, the nonmoving party on appeal must negate any grounds on which the trial court could have granted summary judgment. *Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970); *Sipes v. Petry and Stewart,* 812 S.W.2d 428 (Tex.App.–San Antonio 1991, no writ).

A defendant who conclusively negates at least one of the essential elements of each of the plaintiff's causes of action is entitled to summary judgment. *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993). A defendant

may also show entitlement to summary judgment by conclusively proving all elements of an affirmative defense. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972).

It is well-settled that the Workers' Compensation Act should be liberally construed in favor of the worker. *Lujan v. Houston General Ins. Co.,* 756 S.W.2d 295, 297 (Tex. 1988). The act should not be hedged about with strict construction, but should be given a liberal construction to carry out its evident purpose. *Id.* (citing *Yeldell v. Holiday Hills Retirement & Nursing Center,* 701 S.W.2d 243, 245 (Tex.1985)).

## THE COMPROMISE SETTLEMENT AGREEMENT

■ Because the incident in question occurred before Jan. 1, 1991, this cause of action is governed by Texas' prior workers' compensation law. Tex.Rev.Civ. Stat. Ann. arts. 8306–8309 (Vernon 1967), *repealed by* Texas Workers' Compensation Act, 71st Leg., 2nd C.S., ch. 1, § 16.01, 1989 Tex. Gen. Laws 1, 114 (eff.Jan. 1, 1991). Under this law, any compromise settlement agreement between an injured worker and the insuror binds the parties only as to those matters covered by its express terms. *Garcia v. City of Lubbock,* 634 S.W.2d 776, 778–779 (Tex. App.—Amarillo 1982, writ ref'd n.r.e.).

*Garcia* is very nearly on point. In *Garcia,* as here, a worker suffered an on-the-job injury and reported it to the Industrial Accident Board; after the injury was reported, but before the first injury was settled, the worker claimed that another on-the-job injury occurred. The employer moved for, and was granted, summary judgment on basis that the second injury was encompassed in the CSA that settled the first claim and that the worker was therefore estopped from asserting the second claim. *Id.* at 778. The court of appeals held that the city had not proved, as a matter of law, that the parties meant to compromise the second injury claim

1. This case was stayed when Employers was placed in receivership in early 1994. Texas Property and Casualty Insurance Guaranty Association, statutory successor to Employers, is defending this case.

and that the worker was therefore estopped from asserting it. *Id.* As in our case, the settlement agreement referred specifically to an injury by IAB case number; in both cases the claim for the second injury had not yet been filed at the time of the CSA. *Id.* at 779. The *Garcia* court held that this was inadequate to establish as a matter of law that the parties had intended to compromise the second injury in the CSA and reversed the summary judgment. *Id.*

*Garcia* shows us that a worker was not precluded from filing a second claim for an injury because a claim for a previous injury was pending at the time of the second injury. Now we must consider whether the parties here intended to settle both claims with the CSA, and whether this injury was a result of medical treatment for the original injury and so part of the first injury as a matter of law.

### 1. Intent of the Parties to Settle Both Claims

■ Employers urges that the parties intended to settle both claims at the time of the agreement. In support of this contention Employers provides a copy of the CSA, the case file and an affidavit from Tracy Streiber, who represented Employers in the original settlement negotiations. Streiber stated that Employers intended to settle both claims at the time of the CSA. But before we consider Streiber's affidavit, we must first consider whether the CSA is ambiguous.

The first line of the CSA references an Industrial Accident Board claim number and file number. We know that no claim number had been assigned the October injury because it had not yet been reported to the IAB. Furthermore, the CSA makes no reference to any "subsequent injury" or "aggravation" of a preexisting injury as being covered by the agreement. If Employers had wanted to encompass both injuries in the compromise settlement agreement, it should have said so in the agreement.

We find this agreement unambiguously covers only the March 3 injury, and therefore Macias was not estopped from bringing a separate claim for the October 3 injury. Therefore summary judgment on this basis would have been improper. Moreover, we need not consider Macias' third point of error challenging the adequacy of Streiber's affidavit.

We now turn to whether summary judgment would have been proper because the October injury was sustained in the course of medical treatment for a previous injury.

### 2. Injury in the Course of Medical Treatment

■ Employers contends that because Macias' second injury was a natural and continuous result of his first injury, this injury lacks a separate identity for purposes of workers' compensation. *See, e.g., United Employers Casualty Co. v. Marr,* 144 S.W.2d 973, 976 (Tex.Civ.App.—Galveston 1940, writ dism. judg. corr.). While this may be the case, we find that Employers has not established that Macias' second injury was a direct result of medical treatment for his first injury as a matter of law.

The record shows that Macias' treating physician actually released him to return to work on August 29, 1990. Indeed, the summary judgment evidence also shows that a second doctor examined and certified Macias as being fit for duty on August 31; this certification was later revoked because Macias' blood pressure was too high. Macias was then directed to attend the work-hardening program by HEB because HEB wished to prevent future on-the-job injuries. This shows that a fact issue exists on whether the work-hardening program was treatment for the March 1990 injury.

Should Macias' second injury not be a result of medical treatment for the first injury, it would still be a covered injury. An employee who is temporarily directed or instructed by his employer to perform service outside of the usual course of business of his employer is also an employee while performing such services pursuant to such instructions or directions. TEX.REV.CIV. STAT. ANN. art. 8309, § 1 (Vernon 1967). Put another way, an employee does not forfeit his workers' compensation coverage while acting in obedience to his employer's orders. *Id.; Biggs v. United States Fire Ins. Co.,* 611 S.W.2d 624, 628 (Tex.1981). Since Macias was directed to attend the work-hardening

program by HEB as a condition precedent to returning to his job we find the October injury to be covered.

## CONCLUSION

We find that Employers failed to show as a matter of law that the parties intended to settle both injuries by their compromise settlement agreement. We also find that a fact question exists as to whether Macias' October injury was a result of medical treatment for his March injury. Therefore summary judgment on this cause was improper.

The judgment of the trial court is therefore reversed and the cause remanded.

DUNCAN, Justice, dissenting.

I dissent. As the majority opinion states, Macias alleges he was injured while participating in a work-hardening program. However, the summary judgment record conclusively establishes this program was agreed to and prescribed by Dr. John A. Evans, Macias' treating physician, not Macias' employer; therefore, section 1 of article 8309, TEX.REV. CIV. STAT. ANN., does not apply. Likewise conclusively established is that Dr. Evans prescribed the work-hardening program as treatment for Macias' March 3, 1990 back injury. Accordingly, the aggravation of Macias' back condition while participating in the work-hardening program is covered by the Compromise Settlement Agreement and is not a separately compensable injury. *Cigna Ins. Co. v. Rubalcada*, 960 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1998, n.w.h.) (quoting *United Employers Casualty Co. v. Marr*, 144 S.W.2d 973, 976 (Tex.Civ.App.— Galveston 1940, writ dism'd judgm't cor.)). The majority therefore errs not only in its interpretation of article 8309 but in reversing the summary judgment.